OPINION
By STEVENS, J.
Doris Matthews, as plaintiff, brought her action in the Court oi *284 Common Pleas against John W. Matthews, praying for temporary and permanent alimony, custody of the minor children of the parties, and an allowance for the support of said children.
Defendant filed an answer, and a cross-petition seeking a divorce from the plaintiff.
Upon hearing, the trial court dismissed that part of the petition of the plaintiff which prayed for alimony, and the cross-petition of the defendant praying for divorce, at their respective costs, and then proceeded to award the custody of the minor children to the plaintiff, and to make an order providing for their support.
An appeal on questions of law brings up for the consideration of this court the propriety of the ruling of the trial court concerning the custody of said minor children and the order for their support.
It is urged by appellant that, when the trial court dismissed plaintiff’s petition for alimony, and defendant’s cross-petition for divorce, the court was without jurisdiction in that proceeding to make any order concerning the custody of or support for the children. In support of that contention, Ainsworth v Ainsworth, 21 Abs 590, Gatton v Gatton, 41 Oh Ap 397, and Schaffer v Schaffer, 114 Oh St 309, are cited.
These cases are persuasive in favor of the contention urged by appellant.
However, in the instant case, the petition of the plaintiff alleges that the defendant “has seen fit to leave the piaintiff and has removed his clothing and belongings and has established a residence for himself elsewhere”; and in the findings of fact and conclusions of law, which are a part of the record in this case, the trial court expressly found that “the defendant removed himself and his belongings from the residence of the plaintiff, thereby deserting his family.”
While that provision of the finding of facts is not carried into the journal entry, the court, acting under §8032 GC et seq., as shown by its findings of fact and conclusions of law, granted the custody of said children to the plaintiff and made said order for the support of the children.
Sec. 8032 GC, provides as follows!
“When husband and wife are living separate and apart from each other, or are divorced and the question as to the care, custody and control of the offspring of their marriage is brought before a court of competent jurisdiction in this state, they shall stand upon an equality as to the care, custody and control of such offspring, so far as it relates to their being either father or mother thereof.”
Sec. 8033 GC, provides as follows:
“Upon hearing the testimony of either or both of such parents, corroborated by other proof, the court shall decide which one of them shall have the care, custody and control of such offspring, taking into account that which would be for their best interest, except that, if such children be ten years of age or more, they must be allowed to choose which parent they prefer to live with, unless the parent so selected, by reason of moral depravity, habitual drunkenness or incapacity, be unfitted to take charge of such children, in which event the court shall determine their custodian. * * *”
It is apparent from the journal entry of the court that the court dismissed plaintiff’s application for alimony and reserved from that *285 dismissal the question of custody of and support for the children. There is no bill of exceptions in this case, and this court must indulge the presumption that the trial court had before it evidence showing that the parties, by reason of the fault of the defendant, were living separate and apart from each other. That presumption, of course, is fortified by the finding of the trial court in its finding of facts.
We are of the opinion that, under the provisions of §8032 GC et seq., the trial court had jurisdiction to pass upon the question of custody and the question of support for said minor children, the journal entry not showing a dismissal of that portion of plaintiff’s petition.
The cases cited by appellant are not decisive of this case, for the reason that none of such cases dealt with or considered the contents of §8032 GC, et seq., and we are of the opinion that the conclusion reached herein is not in conflict with any of those cases.
The judgment of the Court of Common Pleas will be affirmed.
WASHBURN, PJ., & DOYLE, J., concur.