## MORRIS v MORRIS

Ohio Appeals, 7th Dist, Mahoning Co

No 2232. Decided April 15, 1938

Thomas J. McBride, Youngstown, for Plaintiff-Appellant.

D. B. Cooper, Youngstown, for Defendant Appellee.

## OPINION

By CARTER, J

George Morris filed his amended petition in the Court of Common Pleas of Mahoning County, seeking a divorce from Blanche Morris, defendant-appellee, and in his amended petition alleges, in subs'ance, that at all times since their marriage, which was in 1912, he has conducted himself toward defendant as a dutiful and faithful husband and provided defendant a good home and support, and charged defendant with gross neglect of duty and extreme cruelty in various respects not necessary to set out in this opinion. He further alleges that for three years defendant has refused to speak to him, although living in the same house, and further alleges that the defendant has been guilty of adultery.

To this amended petition an amended answer and cross petition was filed by the defendant, in which answer defendant admits that in the year 1930 she received certain letters from a certain man, as charged in plaintiff's amended petition, which fact she alleges she made known to her husband on or about the times of the receipt of same; that these letters in no way caused their separation, but after full knowledge thereof plaintiff and defendant lived together as husband and wife. She then denies the allegation of plaintiff's petition, charging her with being guilty of adultery, extreme cruelty and gross neglect of duty, and by way of cross petition she claims that she has at all times conducted herself properly as the wife of plaintiff, and that during a period of illness of plaintiff, that she, by her own efforts, substantially supported the family for a number of years. She further charges that the cause of their separation and domestic troubles was due to the fact of plaintiff's association with one Sheperd Cartier, with whom plaintiff was constantly associated for a period of years, beginning back in 1930; that plaintiff has committed adultery with her on sundry occasions, and prays for divorce, alimony and attorney fees.

In his reply plaintiff denies that he had any knowledge of the various letters referred to in defendant's cross petition, denies that he lived with defendant after knowledge of that fact, and alleges that they have not lived together as husband and wife at any time since August, 1930, and denies all other allegations in defendant's amended answer not admitted to be true, and by way of answer to defendant's amended cross petition, denies the various charges therein contained.

The cause came on for trial and following the introduction of a large amount of evidence, the court found that there was insufficient evidence to support the allegations and statements contained in plaintiff's amended petition, and refused a divorce to plaintiff-appellant, and, in making disposition of the cross petition of defendant-appellee, found there was insufficient evidence to support the statements and allegations contained in the cross petition, and refused a decree of divorce to defendant, and further found that plaintiff had abandoned defendant without good cause and that defendant was entitled to alimony, and fixed the amount at $50.00 a month, and made other orders with reference to the real estate.

No error is prosecuted to this action of the court by defendant-appellee. It is urged by the appellant that the court was in error in not granting plaintiff a divorce as prayed for.

We might prolong this opinion by quoting from the record, which is voluminous, particularly with reference to the testimony relating to indiscretions on the part of appellant, which would be sufficient to refuse him a divorce.

One who comes into court seeking a divorce must come with clean hands, and this doctrine is applicable to both parties to litigation. To this effect see Stacia W. Wells v Thomas H. Wells, a case heard and disposed of by the Court of Appeals of this district, decided November 4, 1921, wherein the Court of Appeals in this district reversed a decree of divorce granted to Thomas H. Wells, and held that the evidence disclosed that he was not in court with clean hands. This case was prosecuted to the Supreme Court, wherein the Supreme Court reversed the Court of Appeals on the ground that the Court of Ap-

peals had no jurisdiction by reason of the fact that more than seventy days had intervened between the entry of the decree granting the divorce and the filing of the petition in error.

The court in the case at bar saw and heard the parties and witnesses testify, and found that appellant was not entitled to a divorce, and further found that appellant had abandoned appellee without good cause, and granted appellee alimony. After perusal of the record, we are not inclined to disturb that finding.

It is urged that there was sufficient evidence to grant a divorce to plaintiff, and that the finding of the court below was on the ground of insufficient evidence. The rule appears to be that regardless of the reasons given by the lower court, if the conclusions reached by that court were correct, the reasons given are immaterial. Under the evidence, we think the court was not in error in refusing a divorce to appellant.

JUDGMENT AFFIRMED

NICHOLS and BENNETT, JJ, concur.