KEATH, APPELLEE AND CROSS-APPELLANT, *v.* KEATH, APPELLANT AND CROSS-APPELLEE.

(No. 3768—Decided July 29, 1946.)

*Messrs. Davis & Lipps* and *Mr. Amos H. Englebeck,* for appellee and cross-appellant.

*Mr. Carl M. Myers,* for appellant and cross-appellee.

DOYLE, P. J. The action was commenced in the Court of Common Pleas (Division of Domestic Relations) of Summit county, by Evelyn Keath against her husband, Gordon Keath, in which she asked for a divorce, alimony, custody of their children, etc. The husband by his answer and cross-petition also sought a divorce, alimony, custody of their children, etc. Thus stood the parties, with their respective denials of the charges, at the time of trial.

On July 25, 1945, the trial commenced and continued for a week and more. Prior to the finding of the court on the issues made and the subsequent journal entry of

judgment—to wit, on September 25, 1945—the plaintiff wife, through counsel, moved for an order of the court to compel the defendant "to pay the plaintiff, for expenses and counsel fees incurred by her during the suit, * * * such sum of money as the court finds to be necessary, fair and reasonable."

The bill of exceptions and the court's "finding" show that on November 13, 1945, the court announced its dismissal of both the plaintiff's petition and the defendant's cross-petition, and ordered the costs to be borne equally by the parties. Then continuing, the court said: "The court, on application of the plaintiff for an allowance for expenses of suit incurred by her, recognizes the responsibility to award a sum which will compensate for the defense to the cross-petition of the defendant, and therefore awards to plaintiff for such purpose the sum of $2,711.50, which may be taxed as additional costs chargeable to the defendant."

On November 21, 1945, the court journalized in part the finding, and ordered the defendant to pay to the attorneys $2,711.50, the same to be taxed as costs. The judgment entry is in the following terms:

"This cause came on to be heard on the pleadings, the evidence, and the arguments of counsel, and was submitted to the court.

"On consideration thereof, the court dismisses plaintiff's petition and defendant's cross-petition, and orders that the court costs be paid equally by the parties. The injunction heretofore allowed to issue is dissolved.

"The cause came on further to be heard on plaintiff's motion for an order requiring defendant to pay for expenses and counsel fees incurred by plaintiff during the suit.

"On consideration thereof, the court sustains the motion and orders that defendant pay to Davis &

Lipps, as attorneys for plaintiff, the sum of two thousand seven hundred eleven and 50/100 dollars ($2,-711.50) for expenses and counsel fees incurred by plaintiff during the suit in defense to the cross-petition of defendant, which sum the court orders to be taxed as additional court costs chargeable to defendant. * * *''

The defendant appealed and has alleged the following errors:

''The decision of the court is against the manifest weight of the evidence. The defendant clearly proved that he was entitled to a divorce on the manifest misconduct of the plaintiff.

''The court was guilty of error in granting attorney fees and expenses to counsel after dismissing the petition and the cross-petition. The court having found against both parties, the only remaining power vested in him was to fix the costs. * * *''

The plaintiff filed a cross-appeal and has alleged the following errors:

''The judgment of the court is manifestly against the weight of the evidence and contrary to law.

''The court erred in refusing to order an allowance to plaintiff for expenses of suit and counsel fees incurred by her in the prosecution of her action.''

It is apparent from the foregoing recitation of facts, including the judgment from which this appeal is taken, that the trial court committed prejudicial error when it, after dismissing the petition and the cross-petition, sustained the properly-filed motion for alimony *pendente lite* and ordered that the defendant ''pay to Davis & Lipps, as attorneys for plaintiff, the sum of * * * $2,711.50 for expenses and counsel fees incurred by plaintiff during the suit in defense to cross-petition of defendant, which sum the

court orders to be taxed as additional court costs chargeable to defendant.''

In the first place, there is no provision in the statutes for taxing attorney fees as a part of the costs in the case, and such an order, when challenged, cannot stand. See 11 Ohio Jurisprudence, Costs, Section 52, and cases therein cited.

The authority for the award of attorney fees is found in Section 11994, General Code, in the following language:

''On notice to the opposite party of the time and place of the application, the court, or a judge thereof, in vacation, may grant alimony to either of the parties for his or her sustenance and expenses during the suit * * *.''

This statute has been and is construed to mean that a court in the exercise of discretion may grant alimony to a wife for her expenses in connection with the retaining of attorneys to represent her. *Stuart* v. *Stuart*, 144 Ohio St., 289, 58 N. E. (2d), 656.

■ The voluminous record has been read, with its recitation of the tangled lives of the litigants. Unfortunate as it may be for the parties, this state has not adopted the doctrine of comparative rectitude, but has strictly adhered to the rule that if the conduct of both parties to a divorce action has been such as to furnish grounds for divorce, neither of the parties is entitled to relief. Logic cannot permit the weighing of the quantum of guilt and award the divorce to the one less guilty, for to do so would repudiate the principle that divorce is a remedy provided for the innocent.

The trial court heard many witnesses and had the opportunity to hear and observe the parties. It is not our right, as a reviewing court, to usurp the duties of a trier of the facts. We can but look to the printed record, and from it determine whether the evidence

and the reasonable and probable inferences to be drawn therefrom justify in law the judgment. It is our conclusion that the judgment refusing a divorce to either party is neither contrary to law nor manifestly against the weight of the evidence. See 2 Bishop on Marriage, Divorce and Separation, Sections 395, 396, and 63 A. L. R., 1132, annotation.

■ This court is compelled to reverse the judgment for the prejudicial error indicated, and remands the cause to the Court of Common Pleas with instructions to pass upon the motion of the appellee for "expenses and counsel fees incurred by her during the suit," and then to re-enter the judgment rendered on the merits.

■ Consideration has been given to the argument of counsel for the appellant that the case of *Schaffer* v. *Schaffer,* 114 Ohio St., 309, 151 N. E., 186, precludes the award of fees by way of alimony *pendente lite* in a journal entry which has in a prior paragraph thereof dismissed the pleadings. The following language in the *per curiam* opinion is given in argument of the claim: "The trial court having found that neither the allegations of the amended petition nor of the cross-petition had been sustained, and having for that reason dismissed both the amended petition and the cross-petition, *had jurisdiction left to enter judgment for costs, and none other.*" (Italics ours.)

This language in the Supreme Court's opinion dealt solely with the facts of the case then under review, and of course is a correct pronouncement applicable to those facts. It is not our belief, however, that the Supreme Court intended that pronouncement to prohibit a proper allowance of alimony *pendente lite* to the wife for expenses of counsel after motion properly made, in a same journal entry which dismisses a divorce proceeding. It would, we think, be better

practice, however, to rule first on all interlocutory is-
sues and then dismiss the action.

As heretofore stated, the judgment is reversed for
the reason that the court taxed counsel fees in the
costs of the case and ordered it paid direct to the at-
torneys. The cause is remanded for a proper decision
on the motion for alimony *pendente lite,* and then the
re-entering of the judgment on the merits.

*Judgment reversed and cause remanded.*

MONTGOMERY, J., concurs.

MONTGOMERY, J., of the Fifth Appellate District, sit-
ting by designation in the Ninth Appellate District.

STEVENS, J., dissenting. The facts as stated by Doyle,
J., need not be here repeated.

There is one question to be here decided:

Where an allowance of attorney fees to plaintiff
wife's counsel has been made and taxed as costs, must
the judgment be reversed for such error, or may the
reviewing court correct the judgment of the trial
court by deleting the improper part of the judgment?

We agree that there is no statutory or legal justi-
fication for ordering an allowance of attorney fees to
be taxed as costs; that Section 11994, General Code,
furnishes the basis for the allowance of fees, but does
not provide for the fees being taxed as costs.

It therefore follows that the order to tax the at-
torney fees as part of the costs was beyond the power
of the court to make, and for that reason invalid.

Under such circumstances, it seems to me that a
reviewing court ought to exercise its constitutionally-
granted power of modification, modify the judgment,
and affirm it as modified. I do not believe that re-

viewing courts ought to seize upon all irregularities, merely to accomplish a reversal of a judgment, when, without prejudice to either party, the judgment which the trial court should have rendered can be attained by the aforementioned procedure.

Section 11994, General Code, provides that the court "may grant alimony" to a wife "for * * * her * * * expenses during the suit," and in *Stuart* v. *Stuart,* 144 Ohio St., 289, 58 N. E. (2d), 656, the Supreme Court held (p. 290) that "The term 'expenses' properly includes attorney fees." An allowance of alimony to plaintiff's attorneys is not authorized by the statute, and the allowance should have been made to the wife for her expenses during the suit.

In this case, if the words "Davis & Lipps, as attorneys for" were deleted from the second and third lines of the last paragraph of the entry, and also the words "which sum the court orders to be taxed as additional court costs chargeable to defendant" from the last three lines of said paragraph, there could then be no valid objection to the allowance as made by the court.

I am of the opinion that the entry should be modified as above suggested, and as modified the judgment should be affirmed.

I therefore dissent from the conclusion announced by a majority of the court, and from the opinion, except in so far as agreement is above indicated.