**SANDRENE, Appellant, v. SANDRENE, Appellee.**

Ohio Appeals, Ninth District, Summit County.

No. 4246.   Decided May 7, 1952.

Myers, Myers & Myers, for appellant.
Hargreaves & Fanelly, for appellee.

## OPINION

Per CURIAM:

This is an appeal by the plaintiff from a judgment of the Court of Common Pleas of Summit County (Division of Domestic Relations) denying her a divorce and an award of alimony.   The trial court found, in its judgment entry upon the plaintiff's petition for divorce and the defendant's cross-petition for the same relief, that each party "has failed to maintain the issues claimed," and, as a consequence thereof, dismissed both the petition and the cross-petition.

It is here principally asserted by the appellant (the plaintiff in the court below) that the judgment of the court in its denial of a divorce to her is manifestly against the weight of the evidence and is contrary to law.   To these claims, we now direct attention.

There is a quantity of evidence indicating odious and indecent conduct by each toward the other, not only while

they were alone, but also in the presence of others. A recital of specific instances is not, we think, here necessary. We have determined, however, that the conduct of each party is shown by the evidence to be such, as to furnish grounds for divorce under the statutes of this state, and, therefore. neither should receive a decree. As heretofore said by this court, "3. The so-called 'doctrine of comparative rectitude' does not prevail in this state, and where each of the spouses has been guilty of misconduct which is cause for divorce, neither is entitled to a divorce."

Keath v. Keath, 78 Oh Ap 517.

See also: Veler v. Veler, 57 Oh Ap 155.

There are cases which recognize the doctrine of recrimination as a defense which must be pleaded. In the case before us, the respective answers filed to the petition of the plaintiff and the cross-petition of the defendant do not plead facts sufficient to charge the doctrine as an affirmative defense. (They plead in effect a general denial.) We determine, however, that if both a petition and a cross-petition filed respectively by a wife and husband do plead sufficient facts to state a cause of action for divorce under the statutes, and such facts are established upon trial, the trial court may apply the rule of recrimination and dismiss both the petition and the cross-petition.

We find, among the errors claimed, none prejudicial to the rights of the appellant.

Judgment affirmed.

HUNSICKER, PJ, DOYLE, J, and STEVENS, J, concur.