NEWELL, APPELLANT, *v.* NEWELL, APPELLEE.
McPHERSON, APPELLANT, *v.* McPHERSON, APPELLEE.
CUNDIFF, APPELLANT, *v.* CUNDIFF, APPELLEE.

(Nos. 3555, 3554 and 3556—Decided July 22, 1970.)

*Mr. Alex H. D'Aurora,* director, legal aid, and *Mr. Robert G. Rubin,* for appellants.

No appearance for appellees.

*Per Curiam.* This is an appeal on questions of law from three judgments of the Court of Common Pleas of Stark County, denying divorces in three separate cases which were reported together as *Newell* v. *Newell* (1969), 21 Ohio Misc. 239, to which reported case reference is here made.

All three cases were brought by women whose husbands had deserted them years ago—one fourteen years

ago. All three women have had illegitimate children in the intervening years since their husbands deserted them.

The Common Pleas Court in its syllabus said:

"Under the decisions of Ohio courts, the Common Pleas Court may not grant a divorce to a plaintiff in an uncontested case in which there is proof of desertion of the defendant husband, where the record also clearly discloses that the plaintiff wife has since given birth to an illegitimate child."

In effect the trial court said it was prohibited by law from considering the welfare of the children or the best interests of the community, or anything other than "punishing" the mother of the illegitimate child.

We reverse that determination because there is no such law.

In effect the trial court declared it found the result it reached to be inequitable, but that it felt compelled to do so by the application of a doctrine of equity described in the writings by the shorthand phrase "clean hands." We hold this to be error.

It has been wisely stated that the courts ought not to legislate, and with this we agree. As correctly pointed out by the trial court, the Legislature has not compelled the result reached by the trial court. The applicable law enacted by the Legislature is:

"The Court of Common Pleas *may* grant divorces for the following causes * * *." (R. C. 3105.01)

And also:

"In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction." (R. C. 3105.20 effective 8-28-51 as G. C. 8003-21.)

Nor does any reported Ohio case compel this result in an abandonment or desertion situation.

We find no Ohio case, nor has any been cited, holding that, in an uncontested divorce case brought upon the grounds of abandonment or desertion, the court is compelled against its will to raise defenses not pleaded and thereafter compelled against its own findings respecting

the equities to consider itself precluded from considering any other facts and/or from exercising the full equity powers granted the court by the Legislature in R. C. 3105.20.

A court with full equity power (R. C. 3105.20) cannot be compelled to a result which it declares to be inequitable by any proper application of any maxim of equity.

Authorized to apply a maxim of equity to reach a result it declares to be equitable, yes. But compelled by equity to do what it declares to be inequity, no. Equity never compels inequity.

*Lewis* v. *Lewis* (1956), 103 Ohio App. 129, does not say the court *must* refuse to grant a divorce where the complaining party is guilty of misconduct. There the appellate court simply affirmed a trial court which had elected to refuse a divorce for that reason. Likewise, *Keath* v. *Keath* (1946), 78 Ohio App. 517; *Morris* v. *Morris* (1938), 27 Ohio Law Abs. 84; and *Sandrene* v. *Sandrene* (1952), 67 Ohio Law Abs. 481, are appellate affirmances of a trial court which chose to refuse a divorce to appellant. All four of these cases say the court *may* apply the doctrine of recrimination. None say *must*.

*Phillips* v. *Phillips* (1933), 48 Ohio App. 322, was a contested divorce case and was not an abandonment or desertion case as here. It was a gross neglect case with both parties before the court, one applying for divorce by petition, the other by cross-petition. The judgment reversed was one granting to each party a divorce from the other.

In the instant cases, from a reading of the decision of the trial court, it is our finding that the trial court erred as a matter of law in considering itself to be inflexibly precluded from exercising any judgment whatsoever in these three cases. We have before us only the findings of fact set forth in the court's decision. No transcript of the testimony was prepared for this appeal. Nothing said herein is intended to in any way indicate what the court's judgment should be when that judgment is exercised.

Each judgment is reversed and the causes separately

152

remanded to the Court of Common Pleas of Stark County for separate consideration and separate decisions of judgment.

In so doing the trial court is authorized to consider not just one isolated fact but also to consider all other appropriate facts including, but not limited to, those affecting the welfare of the children and the best interests of the community.

Judgments reversed and causes remanded for further proceedings according to law.

*Judgments reversed and causes remanded.*

VAN NOSTRAN, P. J., PUTMAN and RUTHERFORD, JJ., concur.