**CABLE, Plaintiff, v. CABLE, Defendant.**

Common Pleas Court, Lawrence County.

No. 34354. Decided March 3, 1955

James B. Collier, Ironton, for plaintiff.
Harold D. Spears, Ironton, for defendant.

## OPINION

By EARHART, J.

This case is before the Court on a demurrer filed herein by the defendant to the plaintiff's petition. The grounds for demurrer are that it appears upon the face of the petition that the facts therein contained do not constitute a cause of action in favor of the plaintiff and against the defendant, and that it appears upon the face of the petition that the Court has no jurisdiction of the subject of this action.

The petition of the plaintiff alleges that the plaintiff, John R. Cable is the father of Thomas Lewis Cable, age five years and David Canter Cable, age three years; that said children were born in lawful wedlock and that the defendant herein is the mother of said children.

Plaintiff alleges that the plaintiff is and has been contributing the sum of $75.00 per month toward the support of his children; that the defendant, who now has custody of said children, refused to permit the plaintiff to visit with said children or to see them, although he has requested her numerous and sundry times for said visitation privileges. Plaintiff further says that both he and defendant are and have been bona fide residents of Lawrence County, Ohio, and that the children are also bona fide residents of Lawrence County, Ohio.

The prayer of the petition asks that the plaintiff be granted reasonable visitation rights with his aforesaid children, and for such other relief as is just and proper.

It is to this petition that the defendant demurs. It is the contention of the defendant that this Court has no jurisdiction to grant visitation rights because the plaintiff is not asking for a divorce, separation or any relief which would give this court jurisdiction.

It should be noted in this case that there is no divorce action pending in this Court, nor has there been any divorce granted in the past in this Court. The petition alleges that the plaintiff is contributing the sum of $75.00 per month for support, but does not allege whether this arose out of a divorce action in another jurisdiction or is by agreement of the parties.

The question presented is whether or not the Court may grant visitation rights to a parent of the minor children of said parties where there is no divorce action pending, and where the only prayer in the petition is for visitation rights.

The Court is of the opinion that the demurrer of the defendant to the plaintiff's petition should be sustained. There is no authority in the Statute for the Court to grant visitation rights unless jurisdiction is obtained in a divorce case or a suit for alimony, neither of which is asked in this case. The plaintiff, in effect, is asking that the Court exercise equity powers to grant him visitation rights with his own children. This Court has no jurisdiction to make any order respecting the care and custody or visitation with minor children unless in the prayer of the petition the plaintiff asks for a divorce or alimony.

Sec. 3105.21 R. C., provides as follows:

"Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas shall make such order for the disposition, care and maintenance of the children of the marriage as is just and in accordance with §3109.04 R. C."

Sec. 3109.04 R. C. concerns the custody of the minor children of parents but it should be noted that the plaintiff is not asking for custody. He is asking merely for visitation rights.

It is my opinion from an examination of the Statutes and such authorities as I find that the Court has no jurisdiction in the absence of a prayer for divorce and alimony to grant visitation rights. This can only be done where the petition of the plaintiff prays for a divorce or alimony and cannot be done in this case. Furthermore, there is no allegation in the petition that the parties are married, and the Court of course, on a demurrer is bound by the allegations contained in the petition.

It is therefore ordered that the demurrer of the defendant to the plaintiff's petition be and it is hereby sustained. An entry may be prepared accordingly.