**CRUM, Plaintiff, v. HOWARD, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 672704.   Decided February 1, 1956.

## OPINION

By HANNA, J.

This cause is before the Court on the demurrer of the defendant to

the petition of plaintiff urging that this Court does not have jurisdiction of the subject matter of the action.

The jurisdiction of the Court is that power conferred upon it by law to hear and determine a cause. It includes both jurisdiction of the subject matter of the action and jurisdiction of the litigants.

Defendant by his demurrer has challenged the right of this tribunal to entertain the petition which plaintiff files against him or to make any valid order with respect to the relief sought.

Plaintiff's petition alleges in substance that when she and the defendant were divorced in a proceeding had in the Circuit Court of Martin County, Kentucky, the decree of the Court made no provision for the custody of their minor children. She has petitioned the Court of Common Pleas of this County to award her "full, complete, exclusive and permanent custody" of the children.

It is essential to the exercise of jurisdiction in any cause that the subject matter of the action—the right asserted and the relief sought—must be such as falls within the cognizance of the Court as fixed by the Constitution and the laws. **11 O. Jur. 622. Article IV, Section 4, of the Constitution of Ohio** provides:

"The jurisdiction of the Courts of common pleas and of the judges thereof shall be fixed by law."

Although this language hardly permits of misunderstanding, the Supreme Court of Ohio was called upon to consider it in the case of **Mattone v. Argentina, 123 Oh St 393**, in which the Court stated:

"Syl. 1.—In this State, pursuant to constitutional provisions, **Article IV, Section 4**, the jurisdiction of the Common Pleas Court is fixed by legislative enactment."

The jurisdiction of the Common Pleas Court in actions for divorce is conferred by §3105.01 R. C., the pertinent part of which reads:

"The court of common pleas may grant divorces for the following causes:  * * *."

Jurisdiction in actions for alimony is granted by §3105.18 R. C., which reads in part:

"The court of common pleas may allow alimony as it deems reasonable to either party * * *."

Were this an action for divorce or alimony, the Court of Common Pleas would have jurisdiction to make a valid order as to the custody of the children of the marriage. This jurisdiction is conferred by §3105.21 R. C., which reads:

"Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the court of common pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with §3109.04 R. C."

However, the petition in this case contains no prayer either for divorce or alimony and we are constrained to hold with the Court of Common Pleas of Lawrence County which in **Cable v. Cable, 70 Abs 187,** determined that:

"this court has no jurisdiction to make any order respecting the care and custody or visitation with minor children unless in the prayer of the petition the plaintiff asks for a divorce or alimony."

Such reasoning is consistent with the legislative trend toward enlarging the Juvenile Court's jurisdiction in dealing with juveniles. It is likewise indicative of such trend that the legislature has provided the means whereby courts other than the Juvenile Court having jurisdiction over juveniles may certify the record of its proceedings in a case to the Juvenile Court which shall thereupon have exclusive jurisdiction. See §3109.04 and §3109.06 R. C.

We are of the opinion that any order made by this Court under the allegations of the petition would transcend the limits which the law prescribes and would be an invasion of the jurisdictional powers conferred by statute on the Juvenile Court in respect of custody of children.

Sec. 2151.23 R. C. provides inter alia:

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code:

"(1) * * *.

"(2) To determine the custody of any child not a ward of another court.

"(3) * * *."

This statute is fully discussed and interdependency of its three subsections examined by the Supreme Court in the recent case of In re Torok, 161 Oh St 585. In this case separate orders and judgments of the Juvenile Court were before the Supreme Court by reason of the allowance of motions to certify. One of these judgments found the appellees guilty of contempt for failure to deliver the child to the mother as ordered by the Court. The substantive question of law presented to the Supreme Court was whether the Juvenile Court lacked jurisdiction to determine the right of custody of the child in view of the decision that the child was neither neglected nor dependent. It is clearly and simply stated in the Syllabus that:

"(1) Under the provisions of §1639-16 GC (§2151.23 R. C.), the Juvenile Court is invested with original jurisdiction to determine the custody of any child not a ward of another court.

"(2) In order to determine such right of custody, it is not necessary for the court to find first that such child is delinquent, neglected, dependent, crippled, or otherwise physically handicapped."

In an appeal from a judgment of the Common Pleas Court dismissing a petition in habeas corpus involving the same child as In re Torok, 161 Oh St 585, the Court of Appeals for Cuyahoga County in 93 Oh Ap 251, had before it for consideration the same question in a case entitled In re Lorok (sic) and the second syllabus of that case reads:

"Under the provisions of §1639-16 GC, the Juvenile Court is given original jurisdiction in a proper proceeding to determine the right of custody of any child where such child is not a ward of another court, and it is not necessary in the exercise of such jurisdiction that the juvenile court first determine that such child is a dependent, neglected or delinquent child as defined by §§1639-2, 1639-3 and 1639-14 GC."

With these clear expressions by the Court of last resort of this State and the Court of Appeals of this District, of the principle that the

Juvenile Court has exclusive original jurisdiction under the law to determine the custody of any child not a ward of another court, we are impelled to hold that the demurrer of defendant challenging the jurisdiction of this Court over the subject matter of the action alleged in plaintiff's petition should be sustained.