## BUDAI v BUDAI

Ohio Appeals, 1st Dist, Hamilton Co
Decided July 7, 1930

Gores, Pogue, Hoffheimer & Pogue, Cincinnati, for plaintiff in error.

A. R. Hoffman, Cincinnati, for defendant in error.

HAMILTON, J.

Many specifications of error are urged, all of which practically go to the question of the weight of the evidence and the abuse of the trial court in the exrcise of its discretion in allowing alimony to the husband. We will dismiss those specifications, since there is conflicting evdence as to the contributions toward the purchase of the real estate and the respective payments for improvements and upkeep. 'So we are unable to say that if the court had the power to grant to the divorced husband an interest in the wife's real estate, it abused it discretion, or that the award was manifestly against the weight of the evidence, except as to the amount of interest awarded.

However, we have had considerable difficulty with the remaining question, which is: Where the trial court decrees a divorce to the wife for the aggression of the husband, can it make an award to the husband in the real estate of the wife?

It is the law that the power in the court to award alimony or make a division of property must be found in the statute. The trial court has no equity powers other than to enforce its decree granted under the authority of the statutes.

Considering the statute, we have **11990 GC,** which in substance provides:

"When a divorce is granted because of the husband's aggressions, by force of the judgment the wife shall be restored to all her lands, tenements and hereditaments * * * and the husband barred of all right of dower therein * * *"

Section **11991 GC,** provides for alimony in such a case to the wife. Then follows **11992 GC,** under which it is claimed, on behalf of the defendant in error, the court had a right to decree to the divorced husband

an interest in the wife's property, notwithstanding a decree had been entered in favor of the wife, because of the aggressions of the husband. That section is entitled "Husband's Alimony." It provides:

"When it appears to the court that the husband is the owner of little or no property and the wife is the owner of lands or personal estate, or both, the court may adjudge to the husband such share of her real or personal property, or both, * * * as it deems just, having due regard to all the circumstances of the parties."

It is argued that Section 11992 would conflict with Section 11990 in such a case as the one under consideration, in that by Section 11990, under these circumstances, the wife is restored by force of the judgment to her lands, tenements, and hereditament and the husband barred of all right of dower therein. It would seem that under this provision of the statute, where the judgment of divorce was given the wife for the aggression of the husband, and that by force of that judgment, the husband is barred of all right of dower in her property, and she is restored to all her lands, tenements, and hereditaments, that if the court go further and give the husband an interest in that real estate by way of alimony or a division of the property, it would qualify the express provision of the statute.

It would seem to be the logical construction of these two sections that in case a divorce is granted the wife for the aggression of the husband, no alimony which would affect her interest in her own property could be allowed without interfering with her rights under this statute; that in all other cases the court might grant alimony for instance in a case where the divorce was refused and there was a remaining question of alimony or division of property, this Section 11992 would authorize the court to act as therein provided.

Provision is made for alimony and a division of the property to the wife where the divorce is obtained by the husband on account of the aggression of the wife in Section 11993 GC.

It would seem that had the Legislature intended to place the husband and wife on an equality in such cases, Section 11992 might have been just as specific as Section 11993.

It is argued that Section 11992 is a limitation on Section 11990. If this be true, and the sections should be construed together, then the law would be that where a divorce is granted the wife because of the aggressions of the husband by force of the judgment, the wife shall be restored to all her lands, tenements, and her hereditaments, except when it appears to the court that the husband is the owner of little or no property and the wife is the owner of lands or personal estate, or both, the court may adjudge to the husband a share of her real or personal property.

These two sections were formerly one section of the revised statutes, but were codified by the codifying commission and passed by the Legislature, and are now separate and distinct sections. Before the codification, the amendment read as Section 11992 now reads, except the provision "but in any case when it appears to the court, etc." Section 11992 omits the language "but in any case."

It would seem as above stated, that the two sections should stand alone. The rights given the wife by Section 11990 should not be qualified or limited by Section 11992. Section 11992 should apply in all cases other than where the divorce is granted the wife for the aggressions of the husband, in which event, by force of the judgment, she is restored to all her lands, tenements, and hereditaments, and the husband barred of all right of dower therein, and that ownership should not be disturbed by the court after granting the decree. However, we are confronted with the decision in the case of **DeWitt v. DeWitt, 67 Oh St 340.** The reading of the opinion in the DeWitt case first leads one to the conclusion that the ownership of the wife, where she has been granted a decree of divorce for the aggression of the husband, cannot be interfered with, and the court would be without power to award alimony to the husband or an interest in her real estate. But the court concluded its opinion with this language:

"The amendment (now Section 11992), if taken unqualifiedly, is contradictory to the earlier part of the section (now Section 11990), and if the defendant desired to avail himself of its provisions, he should have made a case justifying its application. The purpose of the amendment probably is to place the erring husband in a position respecting property akin to that given an erring wife by the succeeding section, but the language is less general and noticeably more guarded."

To understand to what the court was referring, we must go to the second para-

graph of the syllabus of the opinion, which is as follows:

"The amendment of May 19, 1894, can have no application to such suit unless it is found by the court affirmatively that the condition therein expressed actually exists, viz: That the husband has but little or no property or means, and the wife is the owner of lands or personal estate or both."

In the DeWitt case the wife was granted the divorce for the aggression of the husband. The case was lost by the husband, as indicated both in the opinion and the syllabus, for the reason that the husband failed to bring to the attention of the court the fact that he had little or no property or means, and that the wife was the owner of lands or personal property, or both.

In the case under consideration these facts were presented to the court, as shown by the bill of exceptions, and it was found by the trial court that the husband was possessed of little or no property or means, and that the wife was the owner of the real estate in question.

It is clearly indicated in the DeWitt case that had the husband shown this fact, the court would have had authority under the statute to have awarded him a share in the wife's property. While we are unable to follow the reasoning of the decision, and were this a case here of first impression, we would be inclined to hold to the contrary, judicial subordination requires us to apply the principle announced in the DeWitt case, that upon a showing that the husband has but little or no property or means, and the wife is possessed of real estate, the court does posses the power to make an award, under such circumstances, of an interest in the wife's property.

It is clear, however, that the court exceeded its power in barring the wife of dower in the husband's estate. And further, the evidence does not justify the award of a one-half interest in the wife's real estate, but based upon contribution of purchase money, does support an award of a one-third interest therein.

The judgment will therefore be modified, by eliminating therefrom the barring of dower of the wife in the husband's estate and by reducing the award to the husband from one-half to one-third interest in the wife's real estate, and, as modified, is affirmed.

Cushing, PJ, and Ross, J, concur.