## GATTON v GATTON

Ohio Appeals, 5th Dist, Richland Co

Decided September 25, 1931

W. H. Lutz, Mansfield, for plaintiff in error.

A. S. Beach, Mansfield, for defendant in error.

SHERICK, PJ.

The errors complained of by the plaintiff in error may be consolidated into the one proposition that the matters adjudged, excepting the refusal of a divorce and the judgment for costs, are void for the reason that the court was without jurisdiction of the subject-matter of the things otherwise adjudged, after it had refused the plaintiff a divorce.

It will be remembered that the decree recites that the matters complained of are adjudicated "by assent of parties herein." The plaintiff in error insists that she never agreed to the entry as made, and from the entry itself it appears to have been signed only by the trial court; but, be that fact as it may, we know of no rule of law to the effect that by consent of the parties jurisdiction of the subject-matter of an action can be conferred upon a court. The well-settled rule is to the contrary, and this judgment cannot be upheld upon any such theory.

The defendant in error further advances the idea that that part of the decree objected to should be approved of for the reason that it is in fact a decree for alimony and support of the children. But the entry does not so state, and in fact it is just what it purports to be; that is, a division of the parties' property. It in fact seems as if the court was writing a post-nuptial contract, without regard to the interest of the minor children.

Referring briefly to the matter of awarding the custody of the children, it may be stated that such is purely a matter incidental to the entry of a decree of divorce; and when a court, as in this case, refuses a divorce, no order can thereafter be made therein with reference to the children, for

514

the jurisdiction of the court has been terminated and lost by its refusal to enter a decree of divorce, and the jurisdiction with reference to that subject-matter thereafter must and does repose in the juvenile court and not in the court of common pleas, as is provided by statute. It must therefore follow that in this respect the decree was void and erroneously made.

That part of the decree which seeks to make a division of the property of the parties is equally reprehensible, for it is apparent that the decree does not attempt to make an order respecting alimony or for support of children, but is, as stated, a division of property rights having the present and future interests of the parties in the property awarded to one or the other spouse. The matter of allowance of alimony is controlled by statute, and is not within the exercise of general equity powers. Such a decree is adverse to the settled public policy of this state, for the marital relation still subsists, and there may be a future reconciliation of the parties. This the law encourages, and it does not favor the erection of bars which will tend to hamper and dissuade parties from re-establishing a home for themselves and their children; and we know of no legislative act that confers any such jurisdiction upon a trial court as is herein sought to be exercised.

We hold the view that this question has been fully settled in this state by our highest court in the case of **Schaffer v Schaffer, 114 Oh St 309,** 151 N. E. 186, wherein it is held that when the court dismissed the amended petition and cross-petition the court "had jurisdiction left to enter judgment for costs, and none other." In view of this later pronouncement, we are of the opinion that the earlier case of **Graves v Graves, 50 Oh St 196,** 33 N. E. 720, cannot be decisive of the question presented.

The case of **Durham v Durham, 104 Oh St 7,** 135 N. E. 280, and that of **Budai v Budai, 38 Oh Ap 79,** 175 N. E. 624, are helpful and lend support to the rule announced.

It therefore follows that the trial court is affirmed in that portion of its finding and decree which is not objected to; and the remainder of the decree, to which objection is made, is found to be void and erroneous and necessitates a reversal of that portion thereof, which is accordingly entered, and the cause is remanded for such orders therein as may be made necessary in the re-establishment of the parties' property rights.

Judgment reversed and cause remanded.

LEMERT and MONTGOMERY, JJ, concur.