## GIBBONS v GIBBONS

Ohio Appeals, 9th Dist, Summit Co

No 2577. Decided Nov 12, 1935

Ralph L. Kryder, Akron, and Paul E. Werner, Jr., Akron, for plaintiff in error.

Carl M. Myers, Akron, for defendant in error.

## OPINION

By STEVENS, J.

It will be observed that the petition of plaintiff has never been dismissed by an entry upon the journal of the court, and it is further apparent from a reading of the entire record that the attorneys presented, and the court considered, a case

wherein it was understood that plaintiff's claim was for alimony alone, and defendant's claim for divorce, division of property and general relief.

The petition of plaintiff alleges, as a ground for divorce, gross neglect of duty, which also is a statutory ground for the allowance of alimony in an independent action for alimony. When the plaintiff's prayer for divorce was abandoned, it was with the understanding of everyone concerned that so much of the petition as remained should be considered as asserting a claim for the allowance of alimony to plaintiff.

The case proceeded and was tried upon that basis, without objection on the part of defendant, as is evidenced by the opinion and judgment of the court, as well as by the record.

It is urged by defendant that what was attempted was to set up a cause of action for alimony in the reply of plaintiff. Concededly, that could not be done; but we do not understand that such a thing was attempted. Upon the withdrawal of plaintiff's prayer for divorce, the reply merely sought to have the remaining portion of the petition treated as a petition for alimony, which was specifically prayed for in the reply, and it is our judgment that the pleadings filed by plaintiff, and considered and acted upon by the court, set out a good cause of action for alimony alone.

The entry of the court, while not setting out the ground upon which alimony to plaintiff was allowed, may be justified under this record upon either or both of the causes numbered 2 and 4 in §11997, GC.

It is further contended by defendant that the cases of **Schaffer v Schaffer, 114 Oh St 309, and Gatton v Gatton, 41 Oh Ap 397, (11 Abs 513)**, are conclusive of the question here presented.

We do not find ourselves in disaccord with the cases cited; however, we do find that they are not applicable to the facts of this case, because in each of those cases the petitions or cross-petitions were dismissed in toto by journal entry of the court, while in the instant case that situation does not pertain with reference to the petition of the plaintiff.

Upon the record, and under the pleadings here presented, we are of the opinion that the court was entirely justified in making the order which it did enter, and that substantial justice has been accomplished.

Judgment affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.