HAYNIE, APPELLEE, *v.* HAYNIE, APPELLANT.*

(No. 4830—Decided December 17, 1958.)

*Mr. Richard M. Stewart,* for appellee.

*Messrs. Butler, Addison, Smith & Carmack* and *Messrs. Alpeter, Reed & Diefenbach,* for appellant.

*Judgment affirmed, 169 Ohio St., 467.

STEVENS, J. On April 5, 1957, plaintiff filed her action in the Common Pleas Court of Summit County, Ohio, seeking a divorce, alimony, custody of minor child, and support for said child.

On June 10, 1958, the cause came on to be heard before the Judge of the Court of Common Pleas, Division of Domestic Relations, of Summit County, who was also the Judge of the Juvenile Court of said county. After two days' hearing, the court, before making disposition of the divorce case, certified the question of the custody of said minor to the Juvenile Court of said county, by journal entry, and also filed an entry as Juvenile Court Judge accepting such certification of the question of the custody of said minor; to all of which defendant excepted. Plaintiff then rested her case, and defendant moved for a dismissal of plaintiff's petition.

That motion was granted, and the case was dismissed by journal entry.

Thereafter, on the same day, without notice to defendant or his counsel, the Juvenile Court awarded custody of the minor child to the plaintiff without giving any right of visitation to defendant, and without according defendant an opportunity to be heard.

It is from the order of certification to, and the acceptance of that certification by, the Juvenile Court that this appeal on questions of law is prosecuted.

The sole assignment of error is: "The trial court erred in certifying the question of the custody of the minor child of the parties to the Juvenile Court of Summit County."

A motion to dismiss the appeal has been filed by appellee because no bond in conformity to the provisions of Section 3109.07, Revised Code, has been furnished by appellant.

However, the instant appeal is not from an order for custody or support, which is the type of appeal in which the statute, *supra*, requires the filing of a bond, but is an appeal on questions of law from the order of the Court of Common Pleas, Division of Domestic Relations, certifying the question of the custody of the minor to the Juvenile Court of Summit County before the dismissal of plaintiff's action.

In such appeal, the statute, *supra,* does not require a bond; and, the appeal being on questions of law, no bond is required, because no order of the court is superseded by the mere filing of the appeal.

The motion to dismiss the appeal will be denied.

Was the order of the Court of Common Pleas, Division of Domestic Relations, certifying the question of the custody of the minor child of the parties to the Juvenile Court of Summit County, erroneously made?

Section 3105.21, Revised Code, provides:

"Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with Section 3109.04 of the Revised Code."

It will be observed that the Court of Common Pleas has authority, under the foregoing statute, to make an order providing for the custody of the minor children of the marriage "upon satisfactory proof of any of the charges in the petition for divorce or for alimony." It would follow, therefore, that, until the production of "satisfactory proof" of any of the charges in the petition for divorce or alimony in a hearing upon the merits, there is no authority in the Court of Common Pleas to make any permanent order with reference to custody of the children of the marriage or to certify the question of custody to the Juvenile Court.

As applied to the facts of the instant case, the foregoing statement as to certification by the Court of Common Pleas, Division of Domestic Relations, is required because of the provision of Section 2151.23 (D), Revised Code, as follows:

"(D) Such court [the Juvenile Court] has jurisdiction to hear and determine the case of any child certified to the court by any court of *competent jurisdiction,* and to make disposition of said child in accordance with Sections 2151.01 to 2151.54, inclusive, of the Revised Code." (Italics ours.)

The Court of Common Pleas, Division of Domestic Relations, was not a court of "competent jurisdiction" to certify the custody question to the Juvenile Court, because it was without

authority itself to make a custody order, satisfactory proof of any of the charges in the petition for divorce or alimony not having been produced, as evidenced by the dismissal of plaintiff's petition.

The right of the Common Pleas Court, Division of Domestic Relations, to certify to the Juvenile Court the question of custody of the minor, under the circumstances here presented, can rise no higher than the right of the Common Pleas Court to make that order itself. As it was without authority to make the custody order itself, because of lack of "satisfactory proof" of the charges made in the petition for divorce or alimony, it was likewise without authority to certify that question to the Juvenile Court for determination.

In *Lewis* v. *Lewis,* 103 Ohio App., 129, 144 N. E. (2d), 887, it is stated in the syllabus:

"3. Where the court refuses to grant a divorce decree, it is without jurisdiction to make an order relating to the support and custody of minor children of the parties."

And in the opinion, at pages 132 and 133, it is stated:

"It is urged further by counsel for the appellant that since the court had determined that the plaintiff was not entitled to a divorce it had no legal authority to certify the cause to the Juvenile Court for jurisdiction as to the custody and support of the minor children. Authority for the disposition of minor children upon the awarding of a decree of divorce or alimony is found in Section 3105.21, Revised Code, which provides:

" 'Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with Section 3109.04 of the Revised Code.'

"The Ohio cases are not in agreement on the power of a trial court which has denied a divorce decree to make an order relating to the support and custody of minor children of the parties. See 18 Ohio Jurisprudence (2d), 99, Section 158. However, this court has expressed an opinion on the question presented in the case of *Ainsworth* v. *Ainsworth,* 21 Ohio Law Abs., 590. The second paragraph of the headnotes of that case provides:

" 'When a prayer for alimony is denied in an action instituted for that purpose, or when the court refuses to grant a decree in a divorce action, the court does not have power or jurisdiction to award custody of the children or to provide for their support.'

"In that case the court indicated that the trial court was required to make an order for the disposition and care of the children in a case in which it granted a divorce decree and that the converse of this proposition would appear to be true from the language of the section. See, also, *Gatton* v. *Gatton,* 41 Ohio App., 397, 179 N. E., 745.

"We will adhere to the former ruling of this court on the question presented, but since the appellate courts are not in accord in this state on this question we will certify the case to the Supreme Court for its determination upon the filing of a motion for such purpose. The judgment denying the plaintiff a divorce is affirmed and that ordering the cause certified to the Juvenile Court for determination of the custody and support of the minor children is reversed.

*"Judgment accordingly."*

We do not reach the question of the authority of the Court of Common Pleas to make a custody order after the dismissal of plaintiff's petition, and that question is not decided because it is not here presented.

The order of the court, certifying the question of custody of the minor to the Juvenile Court in this case, is contrary to law.

The judgment will therefore be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

HUNSICKER, P. J., and KOVACHY, J., concur.

KOVACHY, J., of the Eight Appellate District, sitting by designation in the Ninth Appellate District.