NELL BRYAN BROOKSHIRE v. ATWELL J. BROOKSHIRE

No. 8721DC336

(Filed 1 March 1988)

1. **Divorce and Alimony § 23.2— child custody—parallel Ohio action—jurisdiction in North Carolina**

   An action for absolute divorce begun in Ohio did not preclude the exercise of jurisdiction by the district court of Forsyth County over plaintiff's action as it pertained to child custody and support where defendant's prayer for relief in Ohio made no mention of child custody and there was no showing of "satisfactory proof" of any of the charges of the divorce petition before defendant's voluntary dismissal, as required by Ohio law for the Ohio courts to obtain jurisdiction over child custody and support matters. N.C.G.S. § 50A-6(a).

2. **Divorce and Alimony § 23.2— child custody—jurisdiction—factual support sufficient**

   The district court of Forsyth County properly exercised subject matter jurisdiction over custody of children in a divorce action where the court noted that the oldest two of the three minor children had been born in North Carolina, both plaintiff and defendant grew up in North Carolina, the maternal and paternal grandparents of the minor children resided within the state, plaintiff and the minor children had moved to North Carolina from Ohio with

the intention of becoming permanent residents, and at the time of the entry of the order they had become permanent residents of North Carolina. N.C.G.S. § 50A-3(a)(2).

**3. Divorce and Alimony § 23.2; Process § 8— child custody action—nonresident defendant served within state**

The North Carolina courts properly obtained jurisdiction over an Ohio defendant in a divorce and child custody action where the North Carolina long-arm statute was satisfied in that defendant was personally served while visiting his parents and children in Wilkes County and, under *Lockert v. Breedlove*, 321 N.C. 66, mere service of process upon a nonresident defendant while present within the state is sufficient to establish in personam jurisdiction without minimum contacts analysis. N.C.G.S. § 1-75.4(1)(a).

APPEAL by defendant from *Harrill, James A., Jr., Judge.* Order entered 10 November 1986 in District Court, FORSYTH County. Heard in the Court of Appeals 21 October 1987.

*David B. Hough, for plaintiff-appellee.*

*McElwee, McElwee, Cannon & Warden, by William H. McElwee, III, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff commenced this domestic action on 19 June 1985 seeking alimony pendente lite, permanent alimony, custody of the couple's three minor children, child support and attorneys fees. On 15 July 1985 defendant filed a motion to dismiss the complaint on the grounds that he had instituted an action for absolute divorce on 3 June 1985 and such action was pending in Lorain County Court of Common Pleas, Domestic Relations Division, State of Ohio.

On 18 February 1986, the Ohio divorce action was voluntarily dismissed. No final order concerning child custody or child support was ever entered in that cause. However, various orders were entered by the Forsyth County District Court pursuant to plaintiff's action as follows: a 15 July 1985 order finding jurisdiction over the custody of the children as provided in G.S. 50A-3(2), and awarding to plaintiff primary custody of the minor children; a 21 August 1985 order awarding child support, alimony pendente lite and attorneys fees to plaintiff; and a 16 October 1985 order awarding to plaintiff permanent alimony and other various forms of relief.

On 6 August 1986, almost six months after having taken a voluntary dismissal in his Ohio divorce action, defendant made two motions to dismiss plaintiff's complaint, on the grounds that the District Court of Forsyth County lacked both subject matter jurisdiction and in personam jurisdiction. In pursuit of these motions, defendant, together with his attorney of record, made an appearance on 13 August 1986 at a chambers hearing of the District Court, Forsyth County to address the jurisdictional issues raised. After hearing testimony, reviewing the court file and considering the arguments of counsel, the court denied both motions and concluded, in its 10 November 1986 order, that it had subject matter jurisdiction at the time of the entry of all of its orders, and in personam jurisdiction over defendant at the time of the entry of all of its orders as well.

From the trial court's order, defendant appeals.

Defendant raises two issues by this appeal, challenging the court's conclusions that it had both subject matter jurisdiction and in personam jurisdiction at the time of the entry of all of its orders as well as of 13 August 1986, when defendant appeared before the court to challenge jurisdiction.

[1] By his first Assignment of Error, defendant contends that the action for absolute divorce which he instituted in the State of Ohio on 3 June 1985, precluded an exercise of jurisdiction by the District Court of Forsyth County over plaintiff's action as it pertained to child custody and support. He bases this argument upon an interpretation of G.S. 50A-6(a) of the Uniform Child Custody Jurisdiction Act, which states:

If at the time of filing the petition a proceeding *concerning the custody of the child was pending in a court of another state* exercising jurisdiction substantially in conformity with this Chapter, a court of this State shall not exercise its jurisdiction under this Chapter, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.

(Emphasis added.)

Our inquiry centers on whether an action "concerning the custody of the child[ren]" was actually "pending" in Ohio at the time plaintiff filed her complaint on 19 June 1985 in North Caro-

lina. In his prayer for relief in the Ohio divorce action, filed 3 June 1985, defendant requested that he "be granted an absolute divorce from [plaintiff], an equitable division of the property of the parties, and for such other relief as the Court may deem just and equitable." Defendant made no mention whatsoever of the issue of child custody. Even where a prayer for relief is silent on the issue, however, Ohio courts may exercise jurisdiction over child custody matters in a divorce action under certain conditions as follows:

> *Upon satisfactory proof of the causes* in the complaint for divorce, annulment, or alimony, the court of common pleas shall make an order for the disposition, care, and maintenance of the children of the marriage, as is in their best interests, and in accordance with section 3109.04 of the Revised Code.

Ohio Rev. Code Ann. sec. 3105.21(A) (Anderson 1987) (emphasis added).

The "satisfactory proof" basically required, is a showing of proof sufficient to enable the moving party to prevail on the petition for divorce or alimony. *Haynie v. Haynie*, 108 Ohio App. 342, 161 N.E. 2d 549 (1958), *aff'd*, 169 Ohio St. 467, 159 N.E. 2d 765 (1959). Where the complainant fails to make such a showing, the court has no jurisdiction over child custody matters.

> [U]ntil the production of 'satisfactory proof' of any of the charges in the petition for divorce or alimony in a hearing upon the merits, there is no authority in the Court of Common Pleas to make any permanent order with reference to custody of the children of the marriage or to certify the question of custody to the Juvenile Court.

*Id.* at 344, 161 N.E. 2d at 550.

It is evident upon a review of the facts in this case, that defendant made no showing of "satisfactory proof" of the charges in his petition for divorce. Defendant instituted the action for divorce on 3 June 1985 in Lorain County, Ohio, Court of Common Pleas. The only reported activity in the case was a 23 August 1985 order directing that an investigation and home evaluation be conducted on Nell Brookshire to aid the court in determining the issue of custody, and a voluntary dismissal taken on 18 February 1986. It is important to note here that the home evaluation was

ordered nearly three months after plaintiff, along with the minor children, had left the state and moved to North Carolina. Since defendant failed to produce satisfactory proof of any of the charges in his divorce petition, prior to voluntarily dismissing the action, the Ohio courts never obtained jurisdiction over the matters concerning child custody and support. *See Haynie, supra.*

Although defendant did not argue the point in his brief, it is also important for us to note that ordinarily where the party fails to produce sufficient proof of the causes in the complaint, the Ohio courts could still exercise jurisdiction over custody matters pursuant to Ohio Rev. Code Ann. sec. 3105.21(B) (Anderson 1987), which provides:

> Upon the failure of proof of the causes in the complaint, the court may make the order for the disposition, care, and maintenance of any dependent child of the marriage as is in the child's best interest, and in accordance with section 3109.04 of the Revised Code.

However, defendant may not avail himself of this provision because the statute is inapplicable to situations where, as in the case *sub judice*, the complaint for divorce was voluntarily dismissed. *Lilly v. Lilly*, 26 Ohio App. 3d 192, 499 N.E. 2d 21 (1985). Once the trial court sustains the motions to dismiss, it is without jurisdiction to make any further order, and the action is treated as if it had never been brought. *Lilly, supra.*

Therefore, the District Court of Forsyth County was not precluded from exercising subject matter jurisdiction over this action by G.S. 50A-6(a), as there was no proceeding concerning the custody of the minor children pending in a court of another state, namely Ohio, when plaintiff filed her complaint.

[2] The court found, in its 15 July 1985 order, that it had jurisdiction over the custody of the children pursuant to G.S. 50A-3(a)(2). This provision essentially confers jurisdiction where it is in the child's best interest, because the child and at least one parent have significant ties to the state, and where substantial evidence pertaining to the child's present or future well-being and activities exists within the state.

In factual support of this exercise of jurisdiction, the court noted that the oldest two of the three minor children had been

born in North Carolina, both plaintiff and defendant grew up in the state, both maternal and paternal grandparents of the minor children reside within the state, and that plaintiff and the minor children moved to the state from Ohio on 10 June 1985, with the intention of becoming permanent residents, and at the time of the entry of this order, had become permanent residents of the State of North Carolina.

Based upon the foregoing, we hold that the District Court of Forsyth County properly exercised subject matter jurisdiction over this action.

[3] Defendant next assigns as error the trial court's exercise of in personam jurisdiction over him. He maintains that he lived in Ohio, owned a home there, paid taxes there, was licensed to drive there and sent his children to school in that state. He further alleges that the only connection which he enjoyed with the State of North Carolina is the "fact that some members of his family live in this state," and therefore by exercising in personam jurisdiction over him, the State has failed to comply with the due process requirement of the Fourteenth Amendment. We do not agree and affirm the trial court's ruling for the following reasons.

When determining whether our state courts may exercise in personam jurisdiction over a defendant, we look to G.S. 1-75.4, commonly known as the "long-arm statute" for guidance. The provisions therein authorize the exercise of in personam jurisdiction over nonresident defendants to the fullest extent, tempered only by the due process clause of the Fourteenth Amendment. *American Rockwool, Inc. v. Owens-Corning Fiberglass Corp.*, 640 F. Supp. 1411 (E.D.N.C. 1986).

G.S. 1-75.4(1)(a) permits our state courts, having subject matter jurisdiction, to exercise in personam jurisdiction over a person served with process in accordance with G.S. 1A-1, Rule 4(j) or 4(j1), while present within the State.

It is undisputed that defendant was personally served with summons and complaint on 19 July 1985 while present within the State for the purpose of visiting his parents and children in Wilkes County. Therefore, the "long-arm" statute has been satisfied. Our focus now shifts to the question of whether due process has been satisfied.

The often quoted due process entitlement afforded nonresident defendants is that the defendant must possess sufficient "minimum contacts" with the forum state such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945), *quoting Milliken v. Meyer,* 311 U.S. 457, 463 (1940). In addition, due process requires "that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Our Supreme Court has recently applied the transient rule of jurisdiction recognized in *Pennoyer v. Neff,* 95 U.S. 714 (1878). *Lockert v. Breedlove,* 321 N.C. 66, 361 S.E. 2d 581 (1987), essentially holds that mere service of process upon a nonresident while present within the forum state is sufficient to establish in personam jurisdiction.

In *Lockert* as in the case *sub judice* defendant Breedlove was present in the state and was personally served a copy of the summons and complaint in accordance with G.S. 1A-1, Rule 4(j)(1). There was never any contention that the service of process was insufficient, nor that defendant's presence had been facilitated through fraud or deceit.

In affirming the decision rendered by the Court of Appeals, our Supreme Court concluded that where defendant is served while present within the forum state, the minimum contacts analysis articulated in *International Shoe* is wholly unnecessary. The Court reasoned that the minimum contacts analysis only applies when the nonresident defendant is served while outside the state's boundaries, as the analysis was developed to provide an alternative means for establishing in personam jurisdiction to address the problem presented when the nonresident defendant cannot be served within the forum state.

In response to the argument that the method employed for obtaining in personam jurisdiction fails to meet constitutional due process requirements, the Court determined that, "[i]n cases such as the present case, the defendant is given adequate notice of the suit by way of actual service of process upon [her]. Furthermore, maintenance of such a suit in the state in which personal service

of process upon the defendant is achieved is entirely fair and just." *Lockert* at 71, 361 S.E. 2d at 585, *citing Pennoyer, supra.*

Therefore, in accordance with the *Lockert* decision, we hold that the singular fact that defendant was served with process while present within the state was sufficient to establish in personam jurisdiction. Accordingly, we affirm the trial court's decision.

Affirmed.

Judges WELLS and COZORT concur.