No. 668

SOUTH v. SOUTH

Ohio Appeals, 1st Dist., Warren Co.

No. 127. Decided May 16, 1927.

413. DIVORCE AND ALIMONY — 340. Custody of Minor Children. 1. Court has jurisdiction to award custody of minor children even though divorce is not granted.

2. Reconciliation and cohabitation of father and mother subsequent to order regarding custody of children does not set aside or nullify court order as to custody.

Error to Common Pleas.
Judgment affirmed.

**First Publication of this Opinion**

HAMILTON, PJ.

Vernon A. South, plaintiff in error, brought an action against Mary South defendant in error, praying for divorce; the disposition of the children of the parties and other relief. The case was heard and a divorce refused. The court awarded alimony and placed the custody of the children in Mary South, the mother, and ordered Vernon South to pay a sum of money for the support and maintenance of the children. About seven months later, the following entry was made by the trial court:

"This 8th day of February, 1926, it being made to appear to the court that the parties hereto are reconciled and living together, the court, with the consent of defendant, Mary South, hereby discontinues the payment of $18.00 per week as alimony and support for children of said parties at the cost of plaintiff, Vernon A. South, taxed at $——."

On July 27, 1926, the court on complaint of Mary South issued a citation against Vernon South to appear and show cause why he should not be punished for contempt of the former order of said court, directing that the care, custody and control of the children of the parties be given Mary South. Upon final hearing of the contempt charges, the court adjudged Vernon South guilty and committed him to the County jail. The plaintiff in error, Vernon South, is here contending that since the court refused to grant the divorce it was without jurisdiction to make an award of custody, and second, that if the court did have such jurisdiction, the jurisdiction was broken by subsequent reconciliation and cohabitation of the parties.

On the question as to the jurisdiction of the court to place the custody of the children in the mother, it is sufficient to say that if statutory authority was needed, it is found in 8032 and 8033 GC. That the care, custody and control of the children was before the court cannot be questioned. Hoffman v. Hoffman, 15 OS. 427; Matthews v. Rector, 24 OS. 439; Rogers v. Rogers, 51 OS. 4.

The second question presented is does reconciliation and cohabitation set aside or nullify that court order as to the custody? The court is of the opinion that it does not. While reconciliation might have the effect of estopping either party from claiming any rights under the decision of the court, personal to themselves, it could not go to the extent of depriving the court of its continuing power under the law concerning the custody of the children.

We are of the opinion that by the court's decree the children became wards of the court and the court had the right to require the children to be kept within its jurisdiction.

Vernon South took the children from the custody of the defendant, Mary South, in Warren County, Ohio, against her will and protest and took them to Montgomery County, Ohio. The interference of the plaintiff in error with the custody and decree of the court constituted contempt of court. The trial court did not err in holding him guilty of contempt.

Judgment affirmed.

(Cushing and Buchwalter, JJ., concur).

Attorneys—Kelly & Knee, Dayton, for plaintiff in error; Wm. G. Thompson, Lebanon, for defendant in error.