## AINSWORTH v AINSWORTH

Ohio Appeals, 2nd Dist, Franklin Co

No 2589. Decided Feb 28, 1936

Ray W. Poppleton, Columbus, for plaintiff in error.

Horace W. Kerr, Columbus, for defendant in error.

## OPINION

By BODEY, J.

It appears from the record that plaintiff and defendant had had serious domestic difficulties and that they had appeared in the Court of Domestic Relations at various times prior to the date that the decree of divorce was granted to defendant. In case No. 3729 in that court the plaintiff here had instituted action for alimony against the defendant. In that case the court denied the prayer for alimony but awarded the custody of the minor child of the parties to the plaintiff and ordered the defendant to pay the sum of $50.00 per month for its support. In the petition for divorce filed by the defendant against plaintiff in case No. 9151, the defendant in his petition alleged:

"One child has been born as a result of said marriage, and all matters respecting the custody and support of said child have been settled and adjudicated by various orders of this court entered in case No. 3729 upon the dockets of this court."

The defendant in his petition for divorce charged the plaintiff with wilful absence for more than three years. Although plaintiff filed an answer in which she admitted the above allegation, the divorce action was not contested at hearing and the court decreed a divorce to the defendant on his petition. No order was made with reference to the custody of the child nor its support. In fact, no reference whatever was made to the child in the entry of the court granting the divorce. After the decree was granted the defendant filed a motion in case No. 3729 by which he sought to vacate the order of custody and support for the reason that the court had no jurisdiction to enter said order, it not having awarded alimony to the wife in that proceeding. On consideration of that motion the court sustained the same and vacated said former order of custody and support. Therefore, when the present action was instituted in the court below there was no order of the court existing which took care of the custody or support of the minor child of the parties.

It is well settled that when a petition for divorce is filed in a court of competent jurisdiction, and the parties are the par-

ents of minor children, the jurisdiction to control the custody of those children and to provide for their support is lodged in the court in which such petition is filed, unless some other court has previously acquired jurisdiction. It is further well settled that jurisdiction once acquired is continuing in the court. We are inclined to the view that when the prayer for alimony is denied in an action instituted for that purpose, or when the court refuses to grant a decree of divorce in a divorce action, the court does not have power or jurisdiction to award custody of the children or to provide for their support. The authorities are not in agreement upon this proposition. The trial court took this view and, in our judgment, when it passed upon the motion to vacate the order of custody entered in the alimony proceeding in which it had refused to award alimony, it followed the better rule. Such rule seems to be consistent with the provisions of §11987 GC which section is as follows:

"The granting of a divorce and dissolution of the marriage in no wise shall affect the legitimacy of children of the parties thereto. The court shall make such order for the disposition, care and maintenance of the children, if any, as is just."

This section indicates that the trial court is required to make an order for the disposition and care of the children in a case in which it grants a decree or divorce. The converse of this proposition would appear to be true from the language of the section. Apparently no authority is granted to the court to control the custody of the children if a decree be not granted. As we view the case at bar, in the light of §11987 GC, supra, we believe that it was the duty of the trial court when it granted the decree of divorce to the defendant to make an order for the custody and support of the minor child of the parties. If no other court had exercised jurisdiction upon this subject, then, under the law, that jurisdiction was lodged exclusively with the trial court when it granted this decree. No order at all was made by the court concerning custody. No reference was made to any child of the parties. Yet, in our opinion, the jurisdiction had attached and the trial court could at any time thereafter, upon motion filed in that case, upon its own motion, or on petition in a separate action, discharge the duty imposed .upon it by the provisions of §11987, GC, which it had failed to discharge at the time the decree of divorce was entered. If jurisdiction

is once acquired, then it certainly must follow that that jurisdiction is retained by the court acquiring it, whether or not it be exercised at a particular time. In the present action, which is an entirely new proceeding, we have the same parties as appeared in case No. 3729 and in case No. 9151. No valid reason comes to our mind which would prohibit the court from making an order in a new case in which the same parties appear, concerning the same subject matter, when as a matter of fact it could have made the order in a former case. In addition to that, when the defendant filed his petition for divorce he represented to the court that all questions concerning the custody and support of his minor child had been disposed of in case No. 3729. The defendant at that time knew that if the question had not already been disposed of it would be taken up by the court in his divorce case. Having made that representation to the trial court in his petition, and having procured a decree of divorce, he then changed his position and represented to the court by his motion filed in case No. 3729 that the court had no jurisdiction to make the order upon which he was willing to stand when he verified his divorce petition. The defendant's wife surely had the right to assume that the defendant made a proper and correct statement in his petition for divorce. She likewise should have had the right to expect that the defendant would stand by this allegation of his petition. Otherwise she could have taken steps through her counsel to have had an order concerning custody and support of the child entered by the court when it granted the decree of divorce to the husband. The bill of exceptions indicates that this was the thought of her counsel and that counsel asked for no order concerning the child and its support because he had the idea in mind that the matter had been properly disposed of by the court in the former case. In our opinion the defendant may not circumvent the law and preclude the trial court from entering the order which it should have made when the divorce case was heard. We hold that the trial court was entirely within its rights in making this supplemental order and that the procedure adopted is entirely proper.

We are unable to say from an examination of the record that the amount allowed by the court for the support of this child is exorbitant or that the record shows an inability on the part of the defendant to comply with the same.

We have examined all of the errors set

out in the petition in error. The trial court did not err to the prejudice of the defendant in any one of the particulars set out in these eight specifications of error. In our opinion, also, substantial justice has been accomplished between the parties. Judgment of the trial court is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.