MUNTZINGER, APPELLANT, *v.* MUNTZINGER, APPELLEE.

(No. 159—Decided November 4, 1950.)

*Messrs. Drury & Koch,* for appellant.
*Mr. C. B. Thornton,* for appellee.

JACKSON, J. This is an appeal on questions of law. The issues which were before the trial court are set forth in an amended petition and an amended answer.

The amended petition asks that the plaintiff be granted the custody of the minor child of the parties, together with an order for his support, that she be granted a divorce and permanent alimony from the defendant, and for all proper relief.

The amended answer prays that the amended petition of the plaintiff be dismissed at the costs of plaintiff.

One child, Michael David Muntzinger, the only living issue of the marriage, was born on May 22, 1947, and at the present time is slightly over three years and five months of age.

The trial court dismissed the amended petition at plaintiff's costs, finding that the allegations and the

evidence were insufficient for a divorce, and made no finding with reference to the custody or support of the child, or for permanent alimony.

The record is challenged by the plaintiff-appellant in five assignments of error, the first three and the fifth of which are that the judgment of the trial court is contrary to law; that the judgment of the trial court is not sustained by the evidence and is manifestly against the weight of the evidence; that the trial court erred in the refusal to grant the plaintiff a divorce; and that the trial court erred in finding that the plaintiff left the defendant and thus is barred from claiming failure to support as grounds for a divorce.

"Under the modern law of Ohio, there is no doubt that an order or judgment granting or refusing a divorce, or relating to alimony or the award of custody of a minor child is appealable on law." 2 Ohio Jurisprudence, 236, Section 116.

Therefore, it is apparent that the Court of Appeals, under Section 6, Article IV of the Ohio Constitution, has jurisdiction to determine the instant appeal.

The general rules governing reviewing courts in reviewing judgments and decrees on the weight of the evidence govern in divorce cases. 14 Ohio Jurisprudence, 452, Section 62.

The judgment will not be disturbed unless it is made to appear manifestly and clearly that the verdict or finding is unsupported by the evidence or is against the weight of the evidence. Stated in other language, no reversal can be had on the ground that the judgment is against the weight of the evidence except as a matter of law and then only if the reviewing court is fully and clearly satisfied from an examination of all the evidence and of the whole record that the judgment is in fact unsupported by or is against the manifest weight of the evidence.

Sufficient substantial and credible evidence was received by the trial court to warrant the denial of a divorce.

Therefore, this court will not disturb the judgment of the lower court on the grounds set forth in assignments of error Nos. one, two, three, and five, which assignments of error are overruled.

Assignment of error No. four asserts that the trial court erred in refusing to provide for the custody and support of the minor child.

Since no order was made with relation to the prayer of the petition asking for such an order, we are unable to determine from the record whether the court considered this matter or followed the rule set forth in *Gatton* v. *Gatton,* 41 Ohio App., 397, 179 N. E., 745, which case holds, as shown by the second paragraph of the syllabus, that any judgment awarding custody of a minor child to a wife after refusing her a divorce is void.

In the case of *South* v. *South,* 5 Ohio Law Abs., 594, the Court of Appeals of the First Appellate District found the law to be the exact opposite of the law of the *Gatton case.* In the *South case* it was held that the court has jurisdiction to award custody of minor children even though a divorce is not granted.

In view of these conflicts we shall discuss assignment of error No. four.

Section 8032, General Code, states that when a husband and wife are living separate and apart or are divorced and the question as to the care, custody, and control of the offspring of their marriage is brought before a court of competent jurisdiction they shall stand upon an equality as to such care, custody, and control.

In the instant case the evidence is clear that the parties are living separate and apart and have been so

living for some time prior to the divorce proceeding, and that the possibility of reconciliation is so remote as not to be worthy of consideration.

Section 8033, General Code, provides that the court shall determine, after hearing the testimony, which of the parents shall have the care, custody, and control of such offspring and what will be to the best interest of the child in such regard, and that when the court finds neither parent is a suitable person to have the custody of the child, the court, under the proper procedure, can refer the matter to the Juvenile Court and thereupon the Juvenile Court shall have exclusive jurisdiction respecting such child.

Thus it would appear that the Court of Common Pleas has complete jurisdiction to determine the matter unless that court refers it, under the proper procedure, to the Juvenile Court.

In the instant case no reference was made to the Juvenile Court, under Sections 8034 and 8034-1, General Code.

Section 7997, General Code, provides that it is the duty of the husband to support his wife and children if he is able to do so out of his property or his labor.

Section 8004, General Code, provides that if a wife abandons her husband, unless she is justified by his misconduct, he is not liable for her support.

However, the lower court found from the evidence that the wife was not justified in leaving her husband and therefore no order was proper for her support.

There is only one matter remaining, and that is the care, custody, and control of the minor child and its support.

In our opinion, the court committed reversible error when it did not determine specifically as to the care, custody, and control of the child and by whom con-

tributions, if any, are to be made for the support of such child.

Therefore, the judgment of the court below is affirmed as to the refusal to grant a divorce, and the cause is remanded for the purpose only of having the court consider the single question of care, custody, control, and support of the minor child of the parties.

*Judgment accordingly.*

GUERNSEY, P. J., and MIDDLETON, J., concur.