LEWIS, APPELLANT, *v.* LEWIS, APPELLEE.

(No. 291—Decided November 2, 1956.)

*Mr. Reed M. Winegardner,* for appellant.

MILLER, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court denying the plaintiff's petition for divorce, custody of children and money for their support.   The ground upon which the divorce was sought was that the defendant is confined in the West Virginia State Penitentiary on the charge of auto theft, serving a sentence of one to ten years in that penal institution.

No defense was interposed and the cause came on for hearing solely upon the plaintiff's petition.   The record reveals that the plaintiff was interrogated by counsel on all the relevant issues and that the grounds set forth in the petition were established.   After counsel for the plaintiff had concluded his examination of the plaintiff the court propounded several questions to her which she answered and which revealed that she had been living in a state of adultery during her husband's absence and had become the mother of an illegitimate child.   When these facts were before the court he refused to hear further testimony and entered a decree, the pertinent part of which is as follows:

"Upon due consideration of plaintiff's testimony, the court finds that there is clear and convincing evidence of record herein which shows that plaintiff and defendant have been guilty of misconduct which is cause for divorce in this state; and that it is clearly shown and established by plaintiff's own testimony that (1) she is not entitled to a divorce under the law of this state and (2) that both plaintiff and defendant are not fitted, proper or suitable persons to have the care, custody, control and supervision of said minor children.

"In the light of the undisputed testimony of the plaintiff, the court further finds that it would be for the best interest and welfare of said children to certify the matter of custody and support of said children to the Juvenile Court of Fayette County, Ohio, as provided by law.

"It is, therefore, ordered, adjudged and decreed that plaintiff's petition, in so far as it seeks a divorce from the defendant, be and hereby the same is, denied; and that the costs incurred in the prosecution of this action be taxed against the plaintiff.

"It is further ordered, adjudged and decreed that this cause, in so far as it seeks permanent custody of and permanent support for said minor children, be, and hereby is, certified to the Juvenile Court of Fayette County, Ohio, pursuant to the provisions of Section 3109.04, Revised Code of Ohio."

The first and fourth errors assigned relate that the court committed prejudicial error in taking over the examination of the plaintiff and in refusing to hear further testimony in the case. The questions propounded by the trial judge were pertinent, as one of the requirements was that the plaintiff come into court with clean hands. In the case of *Mattox* v. *Mattox,* 2 Ohio, 234, the court there held that while an action for divorce is not, strictly speaking, a chancery proceeding, it does invoke the equitable jurisdiction of the court to such an extent that it renders applicable the "clean hands" doctrine.

In *Opperman* v. *Opperman,* 77 Ohio App., 69, 65 N. E. (2d), 655, the court was of the opinion that the "clean hands" doctrine may not be applied in divorce and alimony cases for the reason that the Supreme Court in the case of *DeWitt* v. *DeWitt,* 67 Ohio St., 340, 66 N. E., 136, had held that in actions for divorce and alimony the court could exercise no equitable jurisdiction. It was of the opinion that when both parties are guilty of misconduct which constitutes ground for divorce the doctrine of recrimination would have application and the divorce could be denied to each of the parties. But in order that recrimination be recognized as a defense it was necessary that it be pleaded. See 14 Ohio Jurisprudence, 403, Section 23. See, also, *Keath* v. *Keath,* 78 Ohio App., 517, 71 N. E. (2d), 520. However, since the foregoing cases were decided the jurisdiction of the Court of Common Pleas in divorce and alimony cases has been enlarged. Section 3105.20, Revised Code, now provides in part:

"* * * In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction."

In *Clark v. Clark*, 165 Ohio St., 457, 136 N. E. (2d), 52, the court held in paragraph 2 of the syllabus:

"In the exercise of its full equity powers and jurisdiction in such an action, the trial court is authorized to adjudicate a complete dissolution of the marriage relationship, including a determination of the rights of the parties to alimony and to a division of property."

We therefore are of the opinion that the "clean hands" doctrine may again be applied in divorce and alimony cases.

Counsel for the appellant complains that he was denied the right to produce further testimony, but owing to the admission made by the plaintiff, nothing further could have cured the factual situation presented, and the production of further testimony would have been only a waste of the court's valuable time. It should also be pointed out that no proffer was made as to what the proposed witnesses would have testified. Hence, it is not possible to establish any prejudicial error.

It is urged further by counsel for the appellant that since the court had determined that the plaintiff was not entitled to a divorce it had no legal authority to certify the cause to the Juvenile Court for jurisdiction as to the custody and support of the minor children. Authority for the disposition of minor children upon the awarding of a decree of divorce or alimony is found in Section 3105.21, Revised Code, which provides:

"Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with Section 3109.04 of the Revised Code."

The Ohio cases are not in agreement on the power of a trial court which has denied a divorce decree to make an order relating to the support and custody of minor children of the parties. See 18 Ohio Jurisprudence (2d), 99, Section 158. However, this court has expressed an opinion on the question presented in the case of *Ainsworth v. Ainsworth*, 21 Ohio Law Abs., 590. The second paragraph of the headnotes of that case provides:

"When a prayer for alimony is denied in an action instituted for that purpose, or when the court refuses to grant a

decree in a divorce action, the court does not have power or jurisdiction to award custody of the children or to provide for their support.''

In that case the court indicated that the trial court was required to make an order for the disposition and care of the children in a case in which it granted a divorce decree and that the converse of this proposition would appear to be true from the language of the section. See, also, *Gatton* v. *Gatton*, 41 Ohio App., 397, 179 N. E., 745.

We will adhere to the former ruling of this court on the question presented, but since the appellate courts are not in accord in this state on this question we will certify the case to the Supreme Court for its determination upon the filing of a motion for such purpose. The judgment denying the plaintiff a divorce is affirmed and that ordering the cause certified to the Juvenile Court for determination of the custody and support of the minor children is reversed.

*Judgment accordingly.*

HORNBECK and WISEMAN, JJ., concur.