Zimmerman, J.
In arriving at its decision, the Court of Appeals in the instant case relied principally on Sections 3105.21 and 2151.23 (D), Revised Code, and on the decision of the Court of Appeals for Fayette County in the case of Lewis v. Lewis, 103 Ohio App., 129, 144 N. E. (2d), 887.
Section 3105.21, Revised Code, recites:
“Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the Court of Common Pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with Section 3109,04 of the Revised Code.”
Section 2151.23 (D), reads:
“Such court [the Juvenile Court] has jurisdiction to hear and determine the case of any child certified to the court by any court of competent jurisdiction, and to make disposition of said child in accordance with Sections 2151.01 to 2151.54, inclusive, of the Revised Code.”
*469 It is apparent that by the express terms of Section 3105.21, Revised Code, the authority of the Court of Common Pleas to make an order respecting the custody of the minor children of the marriage is dependent “upon satisfactory proof of any of the charges in the petition for divorce,” and that in the present case such proof was not forthcoming, resulting in a dismissal of the action at the close of plaintiff’s evidence. Consequently, the Court of Common Pleas lacked the power to transfer the question of the custody of the minor child to the J uvenile Court.
By the language of Section 2151.23 (D), Revised Code, the Juvenile Court was without authority to accept or exercise jurisdiction in the circumstances since the matter was not referred, to it by a “court of competent jurisdiction” or, in other words, by a court vested with authority to do so. Compare Schaffer v. Schaffer, 114 Ohio St., 309, 151 N. E., 186.
True, Section 3105.20, Revised Code, does not deny the Court of Common Pleas in any matter concerning domestic relations the exercise of “its full equity powers and jurisdiction,” but there must be a statutory basis upon which to exercise those powers before they may be put into play.
No error being discernible in the judgment of the Court of Appeals, it is affirmed.

Judgment affirmed.

Weygandt, C. J., Taut, Matthias, Bell, Herbert and Peck, JJ., concur.