**COWGILL, Plaintiff, v. COWGILL, Defendant.**

Common Pleas Court, Highland County.

No. 18712.   Decided May 17, 1960.

Charles H. Wilson, of Wilson, Wilson & Wilson, West Union, for plaintiff.

Forrest F. Beery, Hillsboro, for defendant.

## OPINION

By HOTTLE, J.

Trial of the within case having been had with both parties and their counsel present, upon the evidence adduced the Court refuses the relief prayed for in plaintiff's petition.

The defendant has filed his answer and contends that the only way he can possibly expect a reconciliation of the parties is for the marriage relation to be sustained. The Court has expressed to the parties, in the presence of their counsel, its impression that this may not be the proper course. However, the Court is guided by the law which can be properly stated by quoting **17 O. Jur. 2nd, Section 34, page 692.**

"Although some jurisdictions follow the rule that where one party is less at fault than the other, a divorce may be granted, Ohio courts do not recognize the doctrine of comparative rectitude."

Syllabus One of Sandrene v. Sandrene, 67 Abs 481; Syllabus Three of Keath v. Keath, 78 Oh Ap 517, contain the same rule of law as quoted. See also Lewis v. Lewis, 103 Oh Ap 129, Second Syllabus. Even though the 1959 supplement of O. Jur. 2nd, at said Section 34, states that the Court may exercise the clean hands doctrine at its discretion, the case cited for such authority, Slyh v. Slyh, 72 Abs 537 (App.), reversed the lower Court's granting a divorce on the evidence, rather than on the clean hands doctrine.

The Court finds from the evidence here that the conduct of defendant is such that plaintiff has grounds for a divorce, but the Court also finds that the conduct of plaintiff furnishes grounds for a divorce, and that she can not secure a divorce because of her conduct.

Both counsel insist that the Court has no jurisdiction to determine custody of the parties' child because of the failure to render a decree. (See 18 O. Jur., 2nd, Section 158, Divorce; and Nelson, Divorce & Annulment, 2nd edition, Section 15.34.)

Haynie v. Haynie, 169 Oh St 467, holds:

"Under §§3105.21 and 2151.23 R. C., where the Court of Common Pleas in a divorce action dismissed the action for insufficient evidence and without making a determination on the merits, it lacks the power and authority to certify the question of the custody of the minor child of the parties to the Juvenile Court, and the Juvenile Court is without power to accept such question."

It is important to note that the Court hinged the decision upon the wording of §3105.21 R. C.

"Upon satisfactory proof of any of the charges in the petition for divorce."
and emphasized the words "satisfactory proof." In that case the petition was dismissed at the close of plaintiff's evidence.

In the instant case such motion was refused and the evidence of the defendant was introduced. The Court in the instant case has found satisfactory proof of charges of gross neglect of duty and extreme cruelty charged in the petition, but has refused the divorce for other reasons.

It is this Court's view that the Supreme Court in the Haynie decision limited it to the narrow question involved, and that its decision does not set a precedent for a factual situation such as the instant one, in which satisfactory proof of charges in the petition has been found to exist, in spite of the fact that no divorce was granted by reason thereof.

The Court's view is strengthened by the Appellate Court's decision in the Haynie case found at 108 Oh Ap 342, in which at page 346, the Court states:

"WE do not reach the question of the authority of the Court of Common Pleas to make a custody order after the dismissal of plaintiff's petition, and that question is not decided because it is not here presented."

The Supreme Court in the Haynie case at page 469, states,

"Consequently, the Court of Common Pleas lacked the power to transfer the question of the custody of the minor child to the Juvenile Court."

The Lewis case, supra, had a similar set of circumstances as the instant case although there was no answer filed and no contest. The plaintiff had established her grounds for divorce, but upon questioning by the Court, it appeared that she was guilty of misconduct also. The Court refused a divorce, made disposition of custody rights by certification to juvenile court under §3109.04 R. C. The Appellate Court reversed the trial Court, adhering to its former ruling in **Ainsworth v. Ainsworth, 21 Abs 590.** This latter case was decided in 1936, and §11987 **GC,** read as follows:

"The granting of a divorce and dissolution of the marriage in no wise shall affect the legitimacy of children of the parties thereto. The Court shall make such order for the disposition, care and maintenance of the children, if any, as is just."

The Court said at page 592;

"This section indicates that the trial court is required to make an order for the disposition and care of the children in a case in which it grants a decree or divorce. The converse of this proposition would appear to be true from the language of the section. Apparently no authority is granted to the court to control the custody of the children if a decree be not granted."

Said General Code section became §8003-14 **GC** (§3105.13 R. C.), effective 8-28-51, which reads:

"The granting of a divorce and dissolution of the marriage shall not affect the legitimacy of children of the parties."

and became also part of §8003-22 **GC,** effective the same date which reads: (See §3105.21 R. C.)

"Upon satisfactory proof of any of the charges in the petition, the court shall make such order for the disposition, care, and maintenance of the children, if any, of the marriage, as is just and in accordance with §8005-4 GC."

The later §8003-22 **GC,** is also in part analogous to former §11998 **GC,** and now is carried into §3105.21 R. C.

The case of **Mathews v. Mathews, 37 Abs 283,** based its decision upon §8032 **GC,** which became §8005-3 **GC,** effective August 28, 1951, and which is now §3109.03 R. C., which reads, and is the same as said §8005-3 **GC,** and substantially the same as said §8032 **GC:**

"When husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody, and control of their offspring is brought before a court of competent jurisdiction, they shall stand upon an equality as to the care, custody, and control of such offspring, so far as parenthood is involved."

Therefore, the Court finds and holds in the instant case that it can not go so far under the evidence as to grant a divorce, even though there is some authority that it may apply the clean hands doctrine at its discretion. The Court is not willing to extend that doctrine to this set of circumstances.

The Court also finds satisfactory proof of charges in the petition

herein and holds that under the particular and specific facts of this case and trial procedure, it has the duty by statute, to determine the disposition, care, and maintenance of the child of this marriage, and confides the custody of said child to the defendant subject to further order after hearing,—whether by a parties motion or on the Courts own motion—and with reasonable visitation rights on behalf of the plaintiff.

Counsel for defendant will draw proper entry saving exceptions to plaintiff and submit the same to plaintiff's counsel prior to its submission to the Court, incorporating therein that each party pay the costs for his or her witness and to share equally the costs otherwise incurred.

## SUPPLEMENTAL DECISION UPON RECONSIDERATION

No. 18712.   Decided June 3, 1960.

## OPINION

By HOTTLE, J.

The plaintiff herein has filed her brief and requested the Court to reconsider its previous decision regarding the matter of custody of the parties' child. The Court suggests that a reading of its previous decision herein, plaintiff's brief and this supplemental decision, in that sequence, may lend toward clarity.

The Court has found no pertinent decisions in the Fourth Appellate District, and none is cited by counsel. The cases holding that the Court has jurisdiction to award custody of minor children even though divorce is not granted are **Muntzinger v. Muntzinger, 89 Oh Ap 281 (Syllabus 3) (Third Appellate District)**; **South v. South, 5 Abs 594 (First Appellate District)**. These cases hold the opposite of the Gatton case and the Lewis and Ainsworth cases cited in plaintiff's brief. It would appear that the **Mathews case (9th Appellate District), 37 Abs 283 at page 284,** distinguished the Gatton and Ainsworth cases in that the opinion pointed out at page 285:

"The cases cited by appellant are not decisive of this case, for the reason that none of such cases dealt with or considered the contents

of §8032 et seq, GC, and we are of the opinion that the conclusion reached herein is not in conflict with any of those cases."

The opinion of the Court in the Lewis case, 103 Oh Ap 129, did not discuss the question in great detail, but rather cited the Ainsworth case as authority in the Second Appellate District, and then stated at page 133:

"We will adhere to the former ruling of this Court on the question presented, but since the appellate courts are not in accord in this state on this question we will certify the case to the Supreme Court for its determination upon the filing of a motion for such purpose . . . ."

The writer of this opinion can not find any further action on this particular case. Because of the distinguishing feature of §8032 GC (later §8005-3 GC; now §3109.03 R. C.), as well as the further distinguishing feature that §11987 GC, upon which the Ainsworth case was decided became §8003-14 GC, and perhaps §8003-22 GC, which are now respectively §§3105.13 and 3105.21 R. C., the writer of this opinion does not believe that the Ainsworth case is controlling authority as of this date and therefore, the Lewis case does not stand on any better ground as to the latter feature.

The Court in the Ainsworth case reasoned at page 592 (as quoted in the previous opinion herein at page 3) that §11987 GC, required disposition of children when a divorce was granted and that the converse was true (i. e., if no divorce, no disposition of children). Assuming that that was the correct interpretation and holding, it no longer is because of the fact that the language of said §11987 GC, had been placed in separate statutes, §§8003-14 and 8003-22 GC, both effective August 28, 1951. Sec. 8003-14 GC (now §3105.14 R. C.), deals with the effect of dissolution of marriage upon the legitimacy of children of the parties. The last sentence of the two sentence statute (§11987 GC), was eliminated from §8003-14 GC (now §3105.13 R. C.); said sentence read. "The Court shall make such order for the disposition, care, and maintenance of the children, if any, as is just."

For all intent and purposes, this language was the same as contained in §11998 GC (later §8003-22 GC—effective 8-28-51—and now §3105.21 R. C.). Whether such language was carried from §11987 to §8003-22 GC, the writer hereof is not certain; however, it appears to him that such language was eliminated, and that the language in §11998 GC, was solely the forerunner of said §8003-22 GC.

Regardless of the history of §§3105.13 and 3105.21 R. C., said language does not now appear in §3105.13 R. C. To quote Chief Justice Weygandt's opinion in In re Torok, 161 Oh St 585 at 589,

"As this court has repeated in numerous cases involving statutory construction, the question is not what did the General Assembly intend to enact but what is the meaning of that which it did enact. Slingluff v. Weaver, 66 Oh St 621, 80 N. E. (2d), 129:"

Sec. 3105.21 R. C., provides:

"Upon satisfactory proof of any of the charges in the petition for divorce or for alimony, the court of common pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with §3109.04 R. C." (Emphasis added.)

Therefore, the Lewis decision did not take into consideration the changes which the legislature had made, and is not authority as plaintiff contends. This writer fails to read in the opinion of the Supreme Court in the Haynie case (169 Oh St 467), that it based its findings on the Lewis case.

Sec. 3105.21 R. C., lays the statutory basis for the exercise ·of equitable powers and jurisdiction provided in §3105.20 R. C. (See Haynie at 469 and Robrock v. Robrock, 167 Oh St 479, Syllabus 1.) The Court in the instant case has found satisfactory proof of some of the charges in the petition for divorce and alimony, and it has a mandatory duty to make disposition of the children of the marriage as is just and in accordance with §3109.04 R. C.

It can not be said that the Juvenile Court has exclusive jurisdiction to that of the Common Pleas Court in a set of facts and circumstances as developed by the evidence in this case. Sec. 2151.23 (A) (2) R. C. (formerly §1639-16 GC), provides for the Juvenile Court's jurisdiction as follows:

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code."

". . .

"(2) To determine the custody of any child not a ward of another court."

Therefore, it is invested with original jurisdiction to determine the custody of any child not a ward of another court. (See Torok supra; Syllabus 1; State, ex rel. Sparto v. Williams, 86 Oh Ap 377, Syllabus 2.) In its opinion at page 110, the Court stated in McFadden v. Kendall, 81 Oh Ap 107:

"The jurisdiction over minors, acquired by the Common Pleas Court in a divorce action, is a continuing jurisdiction and, as between the parties to a divorce action, no other court has authority to make any order affecting the custody of such minors."

The writer hereof would have preferred to follow counsels' contention that he had no right to determine custody in this case. He could then be spared plaintiff's and counsel's displeasure, be uninhibited in enjoying the long-overdue rays of sunshine, and be reinvested with the many hours of research for and the writing of this opinion. However, it appears to him that there is a mandatory duty to make disposition of custody, and while it might have been avoided without question from the parties, the Court must meet the obligation. Certainly, in view of the split of authority in the appellate courts' decisions it is hoped that the question can properly be brought before our Court of last resort for decision.

The final question the Court considers here is that raised by plaintiff on page 4 of her brief regarding the Court's right to award custody of the child to defendant when not prayed for in his answer.

None of the cases from other jurisdictions cited by plaintiff indicate the statutory provisions in Illinois or New Jersey; therefore the writer hereof cannot know those Courts' holdings relative to statutes such as Ohio has.

An Ohio case already cited, **Mathews v. Mathews, 37 Abs** stated in the opinion at **page 284:**

"Upon hearing, the trial court dismissed that part of the petition of the plaintiff which prayed for alimony, and the cross-petition of the defendant praying for divorce, at their respective costs, and then proceeded to award the custody of the minor children to the plaintiff, and to make an order providing for their support."

and at **page 284 and 285:**

"It is apparent from the journal entry of the court that the court dismissed plaintiff's application for alimony and reserved from that dismissal the question of custody of and support for the children. There is no bill of exceptions in this case, and this court must indulge the presumption that the trial court had before it evidence showing that the parties, by reason of the fault of the defendant, were living separate and apart from each other. That presumption, of course, is fortified by the findings of the trial court in its finding of facts.

"We are of the opinion that, under the provisions of §8032 et seq, **GC,** the trial court had jurisdiction to pass upon the question of custody and the question of support for said minor children, the journal entry not showing a dismissal of that portion of plaintiff's petition."

The Court in the instant case has dismissed that part of plaintiff's petition requesting a divorce and alimony, but has not dismissed the prayer for custody. True the instant case is distinguished from the Mathews case, because in the latter, the court awarded the custody to one of the parties praying for such relief. Our statute, §3105.21 **R. C.,** however, does not require prayer for the same in the answer. It only requires satisfactory proof of **any of the charges in the petition,** and then provides that the Court **shall make** disposition of children of the marriage. That is the statutory basis for the Court's right and duty to decide the custody matter herein. In view of the statute, why should the parties be required to apply to this or another court and present the same evidence as presented here before custody rights are determined?

Plaintiff cites In re Bettis, 28 O. N. P. (NS) 304, as authority to the contrary. I do not disagree with the Court's holding under the then existing §§11987 and 11998 GC. The former section contained the sentence quoted above and now deleted from §3105.13 **R. C.,** as well as from the latter's immediate predecessor §8003-14 **GC.** Said §11987 **GC,** was titled: "Divorce not to affect legitimacy of children." Said §11998 **GC,** immediately followed, of course, §11997 **GC,** which was titled "Cause for which alimony allowed." Sec. 11998 **GC,** was titled "Proceedings on petition for alimony alone." **Sec. 11998 GC,** successor, §8003-22 **GC,** was titled "Children" and said §8003-22 **GC,** was separated from the successor to §11997 **GC,** "Grounds for alimony," §8003-18 **GC,** by the intervening -19,-20,-21 statutes. These titles are hardly as important as the wording of the sections: §§11998, 8003-22 **GC,** and §3105.21 **R. C.** The former two statutes read; "Upon satisfactory proof of any of the charges in the petition . . ."; while §3105.21 **R. C.,** reads "Upon satisfactory proof of any of the charges in the petition **for divorce or alimony . . .";** (emphasis added.) It would appear that the legislature meant that

§8003-22 GC, apply to divorce as well as to alimony; but, whatever was meant then, no doubt exists now as to the plain, clear and distinct language used in §3105.21 R. C. (See syllabus 2 of Slingluff v. Weaver, 66 Oh St 621.)

The Court in the In re Bettis case recognized the limitation of §11998 GC, to alimony alone at page 306:

"This section of the code takes care of the situation where only alimony is granted by the court."

"There is no provision in the General Code of Ohio that the court may deny a divorce or alimony and still retain the cause and make disposition of the children."

However, the opinion at page 307 then quotes a West Virginia Supreme Court decision which, in effect, held it to be against public policy to refuse a divorce but make an award of custody to one of the parties. The Court reasoned that this would judicially aid and encourage separation and grounds for divorce. I am without benefit of knowing what the comparable West Virginia Court's jurisdiction was to determine custody as our Juvenile Court's present jurisdiction is. Under Ohio §2151.23 (A) (2) R. C., the parents of a child or children can have determination of custody rights thereof by a Juvenile Court (See Syllabus 2 of In re Torok, supra). Therefore, I cannot believe public policy to be otherwise than enacted by the legislature into said §2151.23 R. C.; and I hold that public policy does not prohibit this Court in the instant case, under the facts thereof, to determine custody of the parties' child.

"The prayer is no part of the cause of action, or of the allegations of the petition, but merely indicates the object thereof, remedy sought, or legal consequences of the facts stated. It is a mere incident to the petition. The facts constituting the cause of action must be embodied in the pleading · independent of the prayer.

"The omission of a prayer, though it would probably preclude the entry of a default judgment, does not affect the jurisdiction of the court." 31 O. Jur., Sec. 79 at 627.

"The prayer does not fix the character of the action, nor determine the nature of the relief to which the plaintiff is entitled. It is the statement of facts, not the prayer, which gives character to the action as being legal or equitable in its nature . . ."

"The prayer may frequently be resorted to, in order to determine the character of the action, but cannot restrict the nature of the relief which the facts set forth in the petition authorize." 31 O. Jur., Sec. 80 at 629 and 630.

"Where the allegations of a petition are sufficient to warrant the general relief sought, the form of the prayer is immaterial, and where the prayer is for general relief the court will shape its judgment according to the equity of the case and grant any relief warranted by the allegations of the petition." Syllabus 2 of 166 Oh St 301. (See also Norris v. Norris, 40 Abs 293, Syllabus 2.)

In view of the provisions of §3105.20 R. C.

"In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction." the statutory basis of exercising the same provided in §3105.21 R. C.,

**414**

and the mandatory requirements thereof, this Court has the power and jurisdiction to determine and award custody of the child of the parties, and under the evidence awards such custody to defendant as heretofore stated.

The instant case is easily distinguished from **Cable v. Cable, 70 Abs 187**, and **Crum v. Howard, 1 O. O. 2nd, 399.**

Counsel for defendant will prepare proper entry per rule, reserving plaintiff's exceptions.