COWGILL, Appellant, v. COWGILL, Appellee.

Ohio Appeals, Fourth District, Highland County.

No. 147. Decided December 28, 1960.

*Messrs. Wilson, Wilson & Wilson,* for appellant.
*Mr. Forrest F. Berry,* for appellee.

See, also, CP 84 Ohio Law Abs., 406, 409. For further history see *Omnibus Index* in bound volume.

COLLIER, J. This action was instituted by Donna Cowgill in the Common Pleas Court of Highland County for divorce, custody of a minor child, support for the child and an equitable division of property against John Barker Cowgill.

The defendant filed an answer alleging that plaintiff had been guilty of such wrongful conduct that she was not entitled to a divorce, but the defendant prayed for no affirmative relief. After hearing all the evidence adduced by both parties, the court denied plaintiff a divorce but ordered the custody of the minor child be confided to the defendant. From this judgment the plaintiff has perfected her appeal to this court on questions of law. The parties will be referred to herein as the plaintiff and defendant in the same relation they appeared in the Common Pleas Court.

The plaintiff's principal assignment of error is:

(1) The court erred in making an order relating to the custody of the minor child after having refused to grant plaintiff a divorce.

The gist of plaintiff's contention is that when the court refused to grant the plaintiff a divorce it thereby divested itself of jurisdiction to make any further orders as to the custody of the minor child.

For several years the trial courts and the courts of appeals of Ohio have rendered conflicting decisions on this question. The trial court, in the instant case, rendered a lengthy decision which is published in 84 Ohio Law Abs., 406, reviewing many of these cases pro and con on the subject. In our view of the matter, it would serve no purpose to attempt an analysis of these cases for the reason the Supreme Court of Ohio in *Haynie* v. *Haynie*, 169 Ohio St., 467, 159 N. E. (2d), 765 (1959), has finally and definitely determined the question of law involved, that is, the correct interpretation of Section 3105.21, Revised Code.

In the midst of the trial in the Haynie case in the Common Pleas Court of Summit County, the court, upon its own initiative, certified the question of the custody of the minor child of the parties to the Juvenile Court; and, at the close of plaintiff's evidence, sustained defendant's motion for a dismissal of plaintiff's petition. The Court of Appeals reversed the judg-

ment of the Common Pleas Court and the case was certified to the Supreme Court as being in conflict with the case of *Muntzinger* v. *Muntzinger*, 89 Ohio App., 281, 101 N. E. (2d), 227, the latter case holding that the Common Pleas Court, in an action for divorce, had power to make an order for the custody and support of a minor child, even though a divorce was denied. The Supreme Court, in affirming the Court of Appeals in the Haynie case, held,

"Under Sections 3105.21 and 2151.23, Revised Code, where the Court of Common Pleas in a divorce action dismisses the action for insufficient evidence and without making a determination on the merits, it lacks the power and authority to certify the question of the custody of the minor children of the parties to the Juvenile Court."

In the opinion, Judge Zimmerman says, "It is apparent that by the express terms of Section 3105.21, Revised Code, the authority of the Court of Common Pleas to make an order respecting the custody of minor children of the marriage is dependant *'upon satisfactory proof* of any of the charges in the petition for divorce,' and that in the present case such proof was not forthcoming, resulting in a dismissal of the action at the close of plaintiff's evidence. Consequently, the Court of Common Pleas lacked the power to transfer the question of the custody of the minor children to the Juvenile Court."

In Ohio an action for divorce is a specific statutory proceeding and is regulated entirely by statute. However, equitable jurisdiction is evoked to the extent that the plaintiff may be denied relief when she does not come into court with clean hands. 17 Ohio Jurisprudence 2d, 690. This is one of the elements of proof in a divorce action and, in the case at bar, was lacking. In regard to the equitable powers and jurisdiction of the court in a divorce action Judge Zimmerman in the Haynie case says: "True, Section 3105.20, Revised Code, does not deny the Court of Common Pleas in any matter concerning domestic relations the exercise of 'its full equity powers and jurisdiction,' but there must be a statutory basis upon which to exercise those powers before they may be put into play."

On the authority of the Haynie case the Court of Appeals of the Eighth District, in the case of *Szaras* v. *Szaras*, 110 Ohio App., 103, has held,

"A court, after dismissing a petition for divorce, has no jurisdiction to make an order relating to the future support of a minor child of the parties."

Our conclusions are that, when the plaintiff was denied a divorce because of her own wrongful conduct, even though the evidence established grounds for divorce against the defendant, the court thereby lost jurisdiction to make an order respecting the future custody of the minor child; that, in an action for divorce, the court may not deny the principal relief sought, that is, the granting a divorce, and retain jurisdiction to determine an incidental matter respecting the custody of a minor child; that the action of the court ordering the custody of the minor child of the parties to be confided to the defendant was without statutory authority and, therefore, a nullity. The judgment of the Common Pleas Court must be, and hereby, is reversed.

Judgment reversed.

GILLEN, P. J., and RADCLIFF, J., concur.