HOLDERLE, APPELLEE, *v.* HOLDERLE, APPELLANT.

(No. 8487—Decided March 7, 1967.)

*Messrs. Hamilton & Kramer* and *Mr. Donald M. Hamilton, Jr.,* for appellee.
*Mr. Joseph H. Hans,* for appellant.

TROOP, J. Richard Holderle, plaintiff, appellee herein, filed an action in the Common Pleas Court, Division of Domestic Relations, Franklin County, praying for a divorce, custody of minor children, and for full title in real and personal property. Eileen Holderle, defendant, appellant herein, filed an answer and cross-petition in which she prayed for a divorce, alimony and support money, and other proper relief. Reference herein is to plaintiff and defendant as they appeared in the trial court.

The case came on for hearing and the final disposition of the case in its varying ramifications is shown in the court's entry filed May 31, 1966. The essentials of the order include the denial of a divorce to either of the parties, provision for the custody and support of the minor children, and arrangements for the use of personal and real property, including the cost of care and maintenance. It is further ordered that, as a result of agreement of the parties, the plaintiff was to transfer title to a 1957 Ford automobile to the defendant.

Defendant filed a motion for a new trial, which was overruled. This appeal is from the judgment and final order of the trial court. The denial of a divorce to either party, coupled

with the refusal to dismiss the petition, is an order affecting a substantial right and prevents a judgment. It is, therefore, a final order and appealable. Section 2505.02, Revised Code.

A single assignment of error is offered by the defendant to support this appeal. Counsel has phrased it in the form of a question, as follows:

"Does a Court of Common Pleas, which refuses to grant a divorce [to] either party, retain jurisdiction to make an order respecting future custody and property rights?"

Plaintiff filed an answering brief and cross-assignment of errors, in which answering brief counsel agrees that the trial court was in error in retaining jurisdiction after refusing to grant a divorce to either party and in making an order as to future custody and property rights. Two errors are set out in the cross-assignment, which amount to one complaint—the trial court was wrong in not granting a divorce to the plaintiff. Counsel puts it that the trial court was guilty of an abuse of discretion in not dismissing the cross-petition of the defendant, and in not granting a divorce to the plaintiff on his petition and supplemental petition.

Reference to the "oral decision" of the trial court, as shown in the separate transcript filed in the trial court May 24, 1966, and to the formal judgment entry filed May 31, 1966, makes it clear that the court "will not grant a divorce to either of the parties" and that the court made orders concerning the custody, support, and visitation rights for the two minor children of the parties. Such orders as were made concerning property provide for the use of personal property, the occupancy of two parcels of real estate owned jointly by the parties, and transfer of title to a 1957 Ford automobile.

Three questions seem to press for resolution: (1) Did the trial court err in denying a divorce to the plaintiff, or perhaps more broadly, in denying a divorce to either of the parties? (2) After denying a divorce to both parties, did the court have authority to dispose of property? (3) After denying a divorce to both parties, did the court have jurisdiction respecting custody and support of minor children?

It is not possible to be strictly categorical in answering the

questions proposed because some of the decisions to which reference is made involve both property rights and custody, but the approach is in the order named.

Applicable rules as to degree of proof required in a divorce case and as to the limitations upon a court reviewing the matter of weight of the evidence are suggested in the case of *Muntzinger* v. *Muntzinger* (1950), 89 Ohio App. 281, and the case of *Dursa* v. *Dursa* (1958), 78 Ohio Law Abs. 498.

Paragraph two of the syllabus in *Muntzinger* reads as follows:

"2. Upon such appeal, the judgment of the trial court will not be disturbed unless it appears that such judgment is manifestly and clearly against the weight of the evidence, is not supported by the evidence, or is contrary to law."

The court in *Dursa* follows the decision of this court, then the Second Appellate District, in *Mollencamp* v. *Mollencamp* (1934), 18 Ohio Law Abs. 90, used to support text material in 17 Ohio Jurisprudence 2d 724, Section 65. Paragraphs one and two of the headnotes in *Dursa* are as follows:

"1. The proof required in a divorce case under Section 31-05.10, Revised Code, is to the satisfaction of the court, from which it follows that the sufficiency of evidence to justify a decree of divorce lies very largely in the discretion of the trial court.

"2. A reviewing court in passing on an assignment of error that a decree of divorce is against the manifest weight of the evidence is warranted in setting aside the decree only when the record does not disclose any evidence of a substantial nature which reasonably supports the judgment."

In the instant case, a significant comment concerning the quality of the evidence before it was made by the trial court in words as follows:

"All these witnesses here are quite complicated. They've all been divorced and it seems like the greatest interests of all the witnesses—they're all playing around and running around and drinking, and they're more interested in their night life and gay life than they are in their responsibility as mothers or fathers."

Careful review of the entire record leads to the conclusion that the quoted summary by the court is essentially correct and reasonable. Nothing in the bill of exceptions slightly suggests an abuse of discretion, on the contrary, the evidence reasonably supports the judgment, and the judgment cannot be said to be clearly and manifestly against the weight of the evidence. The assignment of error offered by the plaintiff (appellee) is not well taken and is, therefore, overruled.

It is clear that the court did not in the instant case dispose of the title to any property. Reference to page eight of the transcript titled "Oral Decision" indicates that the trial court had no intention of disposing of property rights in the case before it. Counsel addressed a query—"I'm asking the court's disposition of property." The court replied, "I can't make any disposition of the property in this type of case, so far as title."

Language used in the formal entry of judgment appears to respect the attitude of the court. Nothing said remotely suggests a disposition of title. As recited, household goods in 1205 Little John Drive are "to be used by the children and the parent with custody." Respecting the real property it is ordered "that the defendant shall move from the residence at 1205 Little John Drive, Columbus, Ohio, on June 10, 1966 and shall be permitted to occupy * * * 832 Siebert Street, Columbus, Ohio." Certain taxes, mortgage payments, and expenses are allotted to plaintiff and defendant determined by occupancy of the respective houses.

Nothing said denotes a transfer of title, and we hold that the title of the respective parties to any interest in the property referred to above is in no sense affected by the order of the court, with the sole exception of the 1957 Ford automobile. It appears that the parties agreed that the plaintiff should transfer title to the Ford to the defendant. The court did not order the transfer but simply approved the agreement of the parties to transfer. Accordingly, all property provisions of the decree must stand or fall with the validity of the court's orders as to custody.

In approaching the matter of custody of the minor children of the parties two points need emphasis. First—the court refused to grant a divorce to either one of the parties but appears to attempt to retain jurisdiction and allow a part of the

relief prayed for in both petition and cross-petition, to wit, custody and support. Second—the language used in Section 3105.20, Revised Code, seems to confer broad equity powers upon the court "in any matter concerning domestic relations." (Re refusal to grant a divorce "oral Decision" 5-6.)

These two points bring into focus the provision of Section 3105.21, Revised Code, which reads as follows:

"Upon satisfactory proof of any of the charges in the petition for divorce, annulment, or for alimony, the Court of Common Pleas shall make such order for the disposition, care, and maintenance of the children of the marriage, as is just, and in accordance with Section 3109.04 of the Revised Code."

Case law is confusing to say the least when an attempt is made to fuse the decisions into definite conclusions as to the power of the court to order respecting custody and support following a denial of a decree in divorce or the dismissal of a petition, cross-petition, or both. It is difficult to determine whether the earlier cases make any attempt to distinguish between denial and dismissal, but some of the later ones do seem to try to distinguish the two situations and reach differing results.

The Court of Appeals for Franklin County, in *Lewis* v. *Lewis* (1956), 103 Ohio App. 129, takes the position that a court which refuses to grant a divorce decree is without jurisdiction to make an order of custody. The court expresses the opinion that Ohio cases are not in agreement and elects to follow its own pronouncement made in *Ainsworth* v. *Ainsworth* (1936), 21 Ohio Law Abs. 590. The quote from *Ainsworth* at page 132 is as follows:

" ' * * * when the court refuses to grant a decree in a divorce action, the court does not have power or jurisdiction to award custody of the children or to provide for their support.' "

The decision calls attention to Section 3105.20, Revised Code, and based upon that statute endorses the right of a court to apply the "clean hands" equitable doctrine.

The Cuyahoga County Court of Appeals decided the case of *Szaras* v. *Szaras* (1959), 110 Ohio App. 103, three years after *Lewis*. The trial court had denied relief to either party. The rule announced is as follows:

"1. A court, after dismissing a petition for divorce, has no

jurisdiction to make an order relating to the future support of a minor child of the parties.''

There the emphasis is upon "dismissal." The court repeatedly says "after the dismissal of the petition," and in taking that position purports to follow *Haynie* v. *Haynie* (1959), 169 Ohio St. 467, and other cases.

In 1959, the Supreme Court decided *Haynie, supra,* a case in which the trial court had dismissed the petition for divorce. The decision influenced later decisions and other courts. The rule announced is clear from the syllabus which reads as follows:

"Under Sections 3105.21 and 2151.23, Revised Code, where the Court of Common Pleas in a divorce action dismisses the action for insufficient evidence and without making a determination on the merits, it lacks the power and authority to certify the question of the custody of the minor child of the parties to the Juvenile Court, and the Juvenile Court is without power to accept such question."

The syllabus rule says flatly that where the divorce petition is dismissed there is no authority to certify to the Juvenile Court. Although not in the syllabus, an observation of the court as to the application of Section 3105.21, Revised Code, appears at page 469, and seems significant to some interpretations of a trial court's equity powers. It reads as follows:

"It is apparent that by the express terms of Section 3105.-21, Revised Code, the authority of the Court of Common Pleas to make an order respecting the custody of the minor children of the marriage is dependent 'upon *satisfactory proof* of any of the charges in the petition for divorce,' * * *.''

The court added that in the present case such proof was not forthcoming, resulting in a dismissal of the action at the close of the plaintiff's evidence.

At this point it is well to note the broad interpretation of Section 3105.20, Revised Code, in situations where a divorce is granted as set out in *Clark* v. *Clark* (1956), 165 Ohio St. 457. The rule is as follows:

"2. In the exercise of its full equity powers and jurisdiction in such an action, the trial court is authorized to adjudicate a

complete dissolution of the marriage relationship, including a determination of the rights of the parties to alimony and to a division of property.''

Note that the rule as applied there is with respect to property and alimony, not custody.

A variation of the rule establishing the equitable jurisdiction of the trial court is found in an interpretation of Section 3105.18, Revised Cod, authorizing separate actions for alimony. The case in point is *Gage* v. *Gage* (1956), 165 Ohio St. 462. The rule announced is as follows:

''1. Under the amended provisions of Section 3105.18, Revised Code, a trial court may under proper circumstances award alimony to a wife although a divorce is granted to the husband by reason of the wife's aggression.''

Again, custody is not involved. In *Gage,* the wife sought divorce and alimony by means of a cross-petition. The cross-petition was dismissed, but the court made an alimony award. The husband contended that the trial court was without jurisdiction to make an alimony award because the cross-petition of the wife had been dismissed. In that case, the distinction between ''denial'' and ''dismissal'' appears and the significance of Section 3105.21, Revised Code, is emphasized. At page 466, the court says:

''* * * For the sake of accuracy, it would have been proper not to dismiss the cross-petition since part of the requested relief was granted. Apparently the reason for the dismissal was the fact that a divorce was denied to the wife. However, the error is not prejudicial since the husband had due notice of the requested relief and the court was authorized to grant it under the provisions of the present statute.''

*Griste* v. *Griste* (1960), 171 Ohio St. 160, deserves passing notice. The court held, as follows:

''2. The exercise of the full equity powers and jurisdiction in an alimony or divorce action includes the authority to determine the rights of the parties to alimony and a division of property. (*Clark* v. *Clark*, 165 Ohio St. 457, approved and followed.)''

Again, the court is interpreting Section 3105.20, Revised

156

Code, and orders only as to alimony and division of property. The court follows *Clark, supra.* The plaintiff-appellant sought to distinguish *Clark* saying it was an action for divorce while the action presently before the court was for alimony. The court answers, at page 163, as follows:

" * * * But this is immaterial since the statutory language mentions neither the word 'divorce' nor 'alimony' but employs the much broader designation, 'any matter concerning domestic relations.' "

A relatively recent case was decided by the Court of Appeals for Greene County. The case is *Hobbs* v. *Hobbs* (1961), 115 Ohio App. 536. The trial court dismissed the prayer of the petition for a divorce but granted alimony and support. The syllabus of the Court of Appeals decision is as follows:

"1. The prayer of a petition cannot restrict the nature of the relief which the facts set forth therein authorize.

"2. The dismissal of the prayer of such petition for a divorce does not divest the court of jurisdiction to enter a decree for alimony and support."

The court followed *Gage, supra*, and quotes, as set forth above, the holding that it would have been proper not to dismiss, but the dismissal had no prejudicial effect since part of the required relief was granted and the husband had adequate notice. The court also noted *Haynie, supra,* particularly the rule announced and the reference of the Supreme Court to the applicability of Section 3105.21, Revised Code.

Section 3105.20, Revised Code, confers full equity powers upon the Common Pleas Court, and it would appear that upon the denial of a divorce to either party, or the dismissal of the petition, cross-petition, or both, the court retains jurisdiction to award alimony and support money.

The position of the Court of Appeals for Franklin County was pointed out above in its decision in the *Lewis case.* The Fourth District Court of Appeals reaches the same result in *Cowgill* v. *Cowgill* (1960), 85 Ohio Law Abs. 185. The opinion summarizes former decisions and points out that the provisions of Sections 3105.20 and 3105.21, Revised Code, are contained in the Code chapter on Divorce and Alimony and deal primarily with those matters, and that any reference to the custody and

support of children is incidental to disposition of those divorce and alimony matters. The headnotes are as follows:

"1. In Ohio an action for divorce is a specific statutory proceeding and is regulated entirely by statute.

"2. In an action for divorce the court may not deny the principal relief sought, that is, the granting of a divorce, and retain jurisdiction to determine an incidental matter respecting the custody of a minor child and such action when taken is without statutory authority and a nullity. * * *"

In the trial court, in *Cowgill*, the plaintiff wife prayed for divorce, custody, support for the child and a division of property. Defendant husband answered alleging that the plaintiff had been guilty of wrongful conduct. The divorce was denied, and custody awarded the defendant. The trial court supported the position taken by a complete review of other cases decided. (See 84 Ohio Law Abs. 406.) Plaintiff appealed, and the single assignment of error was that the court was wrong in awarding custody after the court refused to grant a divorce.

Judge Collier predicated the conclusion reached by the Court of Appeals upon the decision in *Haynie, supra,* quoting both the syllabus and the observation made by the court, at page 469, as set out above. Attention was called to the fact that the Court of Appeals decision in *Haynie* was certified to the Supreme Court as in conflict with *Muntzinger, supra,* in which the diametrically opposite result had been reached. The court also calls attention to the opinion by the Eighth District Court of Appeals in *Szaras, supra.*

In order to clarify the position taken by this court, perhaps some reference should be made to the provisions of Section 3109.03, Revised Code. It reads as follows:

"When husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody, and control of their offspring is brought before a court of competent jurisdiction, they shall stand upon an equality as to the care, custody, and control of such offspring, so far as parenthood is involved."

And, also, Section 3109.04, Revised Code, as follows:

"Upon hearing the testimony of either or both parents, corroborated by other proof, the court shall decide which of them

shall have the care, custody, and control of the offspring, taking into account that which would be for their best interest * * * ,,

These sections are from the chapter titled "Infants."

The trial court may have been encouraged to make a custody award by the statement of the defendant in response to questioning by the court when she said, "I don't care whether I have a divorce, but I don't want to live with him anymore." Such statement may appear to make Section 3109.03, Revised Code, applicable.

In the instant case, however, the parties have not entered into a separation agreement. Neither is there a determination that they are, in fact, living separate and apart. At the moment the divorce was denied the parties were still married, they had equal rights as to custody, and both were responsible for care and support, and might be able to settle the matter of custody by agreement. Until such time as a separate complaint, or application, is made to a court of competent jurisdiction, the provisions of Sections 3109.03 and 3109.04, Revised Code, may not be invoked. Where a divorce is granted custody may be awarded as an incident thereto as provided by Section 3105.21, Revised Code, but where a divorce has been denied the court lacks jurisdiction to award custody. No disposition of the children is possible under Sections 3109.03 and 3109.04, Revised Code, except in an entirely separate and distinct action commenced in a court of competent jurisdiction. These sections are in no sense incident to or related to statutory provisions authorizing actions in divorce. The Court of Common Pleas, Division of Domestic Relations, is a court of competent jurisdiction. (*Witkorowski* v. *Wilkorowski* [1951], 89 Ohio App. 424.)

That portion of the trial court's order which denies a divorce to either party is supportable upon the evidence. However, having refused any divorce, the trial court lacked any further authority to make an order as to custody, except one *pendente lite*. We further are of the opinion that, while the order here is appealable since it prevents a judgment, it was an abuse of discretion to refuse to take some final, dispositive action in this case. The court was required upon completion of the evidence to make a decision upon the petitions by either

dismissing both, or granting a divorce to one party and dismissing the other's petition.

The order of the Common Pleas Court, Division of Domestic Relations, will be reversed and the causes remanded for further proceedings in accordance with this decision.

*Judgment reversed.*

DUFFEY, P. J., and DUFFY, J., concur.

DUFFEY, P. J., concurring. I concur in the principal opinion, but wish to add several points.

The constitutional power of the state with respect to the custody of minor children rests upon two quite distinct grounds. The first is the determination of custody as between parents, which necessarily arises upon the separation of the parents. Since annulment and divorce grant the right to live separately, and an alimony only action presupposes a separation, the *granting* of one of these types of relief gives the state, through its court, the incidental or ancillary authority to determine custody *as between the parents*. If the annulment, divorce or alimony only action is dismissed (or relief denied), the incidental authority to control custody as between parents no longer exists. The court's authority, if any, must then constitutionally rest upon an adjunct of *parens patriae* arising under the "police power" of the state.

The parents' right to the custody and control of their children is a personal right and paramount to that of the state. Except where the question of custody is incidental to separation, the parents' right cannot be interfered with or taken away except by a proper exercise of the police power. At present, the statutorily recognized grounds for exercising that type of authority are, in general, that the child is dependent, neglected or delinquent, or, on the other hand, that the parent is not "suitable" or is unfit. As to the children, see Chapter 2151, Revised Code. As to the parents, see, in particular, Sections 3109.04 and 3107.06, Revised Code. Any interpretation of Section 3105.21, Revised Code, must be made in the light of these substantive principles of constitutional law and in the light of the requirements for procedural due process.

160

Insofar as Sections 3105.21 and 3109.04, Revised Code, authorize the Common Pleas Court, Division of Domestic Relations, to control custody as an incident to annulment, divorce or alimony actions, no such relief was granted in this case. (Assuming, but not deciding, that an action commenced for divorce only can, either with or without amending the petition, be reduced to one for alimony, neither party here requested such limited relief. Compare *Hobbs* v. *Hobbs* [1961], 115 Ohio App. 536.) There is nothing to show that the parties were in fact living separate and apart and that they intended to continue to do so after the denial of a divorce. There is no finding that either or both parents were unfit or not suitable, nor any findings that the children were dependent, neglected or delinquent.

Accordingly, while I agree with the principal opinion that the denial of a divorce here was equivalent to a dismissal of the petitions and therefore that Section 3105.21, Revised Code, did not become applicable, I would also point out that on the findings in the journal entry there was no basis in this case upon which the state of Ohio was entitled to interfere with the custody of the children of these parents.